SAMUEL GARDNER et ux. v. JAMES M. ROBERT-
SON et al., Appellants.

Division One, December 24, 1907.

1. **PLEADING: Misjoinder of Parties and Causes.** A petition
which unites several distinct and independent causes of action,
is bad. Where a husband and wife each holds distinct title in
different parcels of land, the husband should bring a separate
suit to quiet the title to his land, and the wife separate actions
to quiet the title to hers. And where the defendants do not
all claim interests adverse to plaintiffs in the same tracts, a
separate action should be brought against the different groups
of defendants jointly interested.

2. ——: ——: Waiver. But where such defects in the pe-
tition are not demurred to, they are waived by answering over.

3. **APPEALS: Objections and Exceptions: Preservation.** The bill
of exceptions itself is the only receptacle of objections and ex-
ceptions. Notes and memoranda of objections and exceptions
made by appellant's attorney at the trial cannot be injected into
the abstract unless they were made a part of the bill.

4. **APPEAL: Motion to Affirm: Overruled: Reopened: No Notice.**
Where respondent's motion to affirm or dismiss the appeal has
been overruled, it will not be reopened unless grave error has
been committed or in aid of broad justice. And the fact that re-
spondent's counsel was not served with a copy of appellant's
suggestions in opposition to the motion and of the affidavits in
support thereof, in the absence of any rule of the court requir-
ing the service of such a copy, is not sufficient for reopening
the matter of affirmance or dismissal for failure to file a timely
appeal.

5. **QUIETING TITLE: Sufficiency of Evidence: Presumption.**
The burden is on appellant on appeal to show that the judgment
was for the wrong party. And where the case was tried by the
court, and the petition counted both on paper title and limita-
tions, and the court's finding was general for plaintiffs, there
being no finding of facts, and there is some substantial evi-
dence upon which a judgment for them, on one theory or the
other, might rest, the appellate court will not undertake to
reconcile the confused and elusive evidence, but will presume
that the trial judge was better able to do that.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort*,
Judge.

AFFIRMED.

*Phillips & Phillips* for appellants.

*L. R. Thomason* for respondents.

LAMM, J.—Plaintiffs, husband and wife, sued Robertson and twenty-three others to quiet title in divers tracts of land in Butler county, under Revised Statutes 1899, section 650. Among the twenty-three are three Barkers, to-wit, Albert W., Cody and Frank. Plaintiffs had judgment, and from that judgment the Barkers appeal.

The petition is an omnibus pleading (not the draft of plaintiffs' present counsel) and on its face discloses a bundle of vices, viz.: a misjoinder of plaintiffs, a misjoinder of defendants and a misjoinder of causes of action. Plaintiffs are not jointly interested in the several parcels of land described in the petition. Each holds title distinct from the other in separate parcels; therefore, the husband should have brought a separate action covering his land, and the wife might have brought a separate action covering hers, though she had statutory option of joining her husband. [R. S. 1899, sec. 4335.] Defendants, as likewise disclosed by the petition, do not in every instance claim interests adverse to plaintiffs in the same tracts of land; therefore, a separate cause of action should have been brought against the different groups of defendants jointly interested, or severally claiming an adverse interest, in any one body of the land. Such being the case, the petition was bad, for that it improperly united several distinct and independent causes of action in one. The to-be-expected evil result followed, to-wit, a conglomeration of evidence thrown at the court and making a maze of uncertainty wherein the judicial mind may grope as in a fog, unable to clearly apply the evidence to the issues, tracts, individual claims, etc. These de-

fects in the petition were not struck at by demurrer or otherwise below, hence were waived by answering over (Hudson v. Wright, 204 Mo. 412) and are now only noticed because they and their attending chaos make a clear and full statement of the facts and issues out of the question.

I. Appellants file a motion to strike out respondents' "Abstract of Pleas, Proceedings and the Record." In aid of that motion, we are asked to pass a rule commanding the clerk of the circuit court of Butler county to produce here for inspection all the original files, including the bill of exceptions in this case, and a rule commanding respondents to produce for similar inspection a certain abstract of title, called for in the bill of exceptions and introduced below as evidence by them, under a rule of the trial court.

Without awaiting a rule, there have been submitted here the original bill of exceptions and files together with the document designated as "Plaintiffs' Abstract of Title." The integrity of these documents is not questioned.

The only thing left for determination in this behalf, then, is whether appellants' motion to strike out respondents' counter abstract should be sustained. To get at the merits of that matter we must go back a little in the history of the case in this court. There fell a time at a former term when respondents filed a motion to affirm, grounded on the fact that the cause was returnable to the October term, 1904, of this court, and appellants had failed to timely lodge here either a complete transcript, or a certified copy of the judgment with the order granting an appeal. On its face the motion was well made; but appellants made a counter showing by suggestions and affidavits. This phase of the case will receive further attention in the next paragraph of the opinion. For the present it is sufficient to say the motion to affirm was overruled. Thereupon

appellants in due time served and filed their abstract of record.

The bill of exceptions contains the following offer of evidence and makes the following call on the clerk, to-wit (by plaintiffs' attorney): "I now offer the entire abstract of the plaintiff" (which, being interpreted, means plaintiffs' abstract of their title to the lands in controversy) "which is as follows: (The clerk will here copy abstract.)"

It seems when appellants' counsel came to make an abstract of the record they could not find, with respondents' counsel or in the files of the case, the abstract of title called for, as said, by the bill of exceptions. It seems the attorney trying the case for the Barkers had died; and their present counsel, perplexed in this dilemma, cast about for a way out. In searching among the papers of the deceased attorney, they discovered what was conceived to be his original notes and memoranda of the trial. Deeming these memoranda and notes (in the absence of better *data*) a proper reservoir of facts and information, they drew therefrom the wherewithal to reconstruct the abstract of title called for, and they put such reconstructed abstract of title in their abstract of record. Not only so, but they found in such memoranda certain objections apparently made to the introduction of certain deeds, and certain exceptions apparently made to the rulings of the court. These, also, they wove into their abstract of record. When appellants served such abstract upon respondents' counsel he was not satisfied with it. In the meantime the lost abstract of title was discovered in the files of another case tried in the same court, it having been used in that case, under the same novel circuit court rule, as evidence. Accordingly, respondents' counsel prepared a counter abstract of the record, including the contents of the newly-found abstract of title. But he circumspectly left out (as he had the right to do) the objec-

tions and exceptions supplied from the memoranda of the deceased attorney, and which were not in the bill of exceptions and hence without legal being. It is this counter abstract appellants move to strike from our files. The controversy being unfortunate in its details, need not be spread and embalmed in our reports. For our purposes it will do to say that the abstract of title was not suppressed by respondents' attorney; it was temporarily lost track of by use in another case (with which he had no concern) and (by misadventure) was hid away in its files. Therefore, when found it was properly embodied in respondents' counter abstract.

While appellants' present counsel show diligence of search in uncovering, and zeal in desiring to use, the notes and memoranda of their predecessor in reconstructing the objections, rulings and other incidents of the trial, on behalf of their new clients, yet both diligence and zeal in this instance must go with mere mention and no substantial reward, because the bill of exceptions itself is the only receptacle of objections and exceptions. It alone can speak in that behalf, for obviously wise reasons; and this inexorably stiff rule must apply to all attorneys in all parts of the State, to all courts and to all bills of exceptions alike.

Respondents' abstract of the record was properly made, served and filed. Hence the motion to strike out is overruled.

II. Respondents' counsel in his brief renews his insistence that the judgment be affirmed because of appellants' failure to bring the case here within the time required by the statute and our rules. His theory is that, with the record before us, we can now see that appellants' affidavits and suggestions against sustaining the motion to affirm were not sufficient in substance to sustain our action overruling that motion. The fact being that he was not served with a copy of the suggestions and the affidavits in support thereof, upon

208 Sup—39

which we acted in overruling the motion to affirm, he argues that such fact is of significance, and, taken with the present record showing, suggests and constrains further action on our part.

Attending to this phase of the case, it may be said that notice lies at the root, is of the essence, of due process of law. On the other hand, a litigant is charged with notice of pleadings filed in a pending case. Vigilance is rewarded by the law. In a law suit one must watch, and, unless there is some court rule or statutory one requiring actual notice, a litigant stands charged with constructive notice of pleadings filed in the progress of live litigation.

Notwithstanding this is so, this court has not been loth or slack in impressing upon the brethren the necessity of giving notice of their briefs or motions and suggestions, and has refused to act in the absence of notice, even where our rules are silent on the question, as they unfortunately are in this instance. [See, for example, Padgett v. Smith, *infra*.]

Doubtless, we overlooked the fact that appellants failed to serve a copy of their suggestions and affidavits upon respondents' counsel. Doubtless, too, we have the inherent power of reopening the question closed by the motion. Doubtless, also, under the spur of grave error pointed out and in aid of broad justice, we would not hesitate to use such power. But the better plan is not to tread back, or thresh over old straw—undoing to-day what was done yesterday. Courts, being practical tribunals for the administration of justice in a sensible way, adopt those methods of getting on with business which people of good sense employ in the sober affairs of life, and in so doing give some heed to the proverb: the water that is passed will never turn the mill.

In Padgett v. Smith, 205 Mo. 122, by a motion filed at a later term, we were asked to set aside the affirm-

ance of a judgment theretofore made on motion. This we refused to do. The point in judgment in the Padgett case is the supplement of that in judgment here. There was affirmance in that case for failure, and appellant at a later term sought to be eased of the affirmance and have the motion to affirm overruled. Here the motion to affirm has been overruled, and respondents at a later term, in effect, seek to have the order overruling the motion set aside and a judgment of affirmance entered. Hence, what was said there applies here. The point is ruled against respondents.

III. The burden is on appellants to show error. They assign four errors, *viz.*:

"First. The court erred in admitting irrelevant and incompetent testimony over the objections of the defendants.

"Second. The court erred in admitting the deed in which the name of Sadie Gardner had been erased and that of Sam Gardner had been substituted.

"Third. The court erred in not passing on the objections to testimony made at the time, but passed on to the end of the trial without having given its judgment on such objections.

"Fourth. The judgment was for the wrong party."

Each and every of them must be disallowed, because:

(a) We are not able to put our finger on any irrelevant or incompetent testimony admitted over the objections of defendants. As appellants' counsel have not pointed out any error of that kind, we assume they labor under a like inability.

(b) The bill of exceptions contains no objections, no rulings, or exceptions to the admission of the "deed in which the name of Sadie Gardner had been erased and that of Sam Gardner had been substituted." Indeed, there was no evidence of any erasure. Appel-

lants' trial attorney asked a witness to explain why
a certain erasure was made, and the witness disavowed
any knowledge of such erasure.

(c) The third assignment of error is not predica-
ted of anything appearing in the bill of exceptions and,
therefore, is bad.

(d) As to the fourth assignment of error to-wit,
that "the judgment is for the wrong party," the pre-
sumption is the trial judge did not commit error of the
kind charged. . The presumption is the judgment
went for the right party. Before judgment,
the burden was on plaintiffs to show they were
entitled to one; after judgment, the burden is
on defendants to show plaintiffs were not entitled to
one —*i. e.*, the burden is on them to point us to reversi-
ble error.

Plaintiffs made two contentions: first, that they
held title by limitations; second, that they had a good
paper title. *Contra*, defendants denied title in plain-
tiffs by limitations, and in turn assert a good paper title
of their own.

No instructions were asked or given; no finding of
facts was made — the court finding generally for plain-
tiffs and leaving it at that. In this condition of things,
it must have been on one or the other of plaintiffs' theo-
ries that the court found as it did, and there is. nothing
by which we can tell which one. If the judgment was
based on plaintiffs' paper title, when placed side by side
with defendants' paper title, then the conveyances are
in evidence by which we could determine that view of
the case. But when that point was settled it would
not necessarily determine the case; for it is contended
by appellants, and may very well be, that the Statute
of Limitations controlled the decision, *nisi*. If this be
true, then it is equally true that the facts directed to
that issue are confused and dark. The evidence is elus-
ive; much of it may as well refer to one tract as another,

to the land of one plaintiff as to the land of the other plaintiff. It could serve no purpose in jurisprudence to undertake to give our interpretation of even the substance of it. We will leave it where we find it, with its enigmas unsolved, its shadows not cleared away.

It seems, then, to be a typical case to apply another presumption, to-wit, that the trial judge who saw and heard the witnesses and who possibly caught the inner meaning of the questions and answers was better able to interpret, reconcile and apply the evidence and get at a correct conclusion than we are. So that, if the case be deemed in equity, we *may* defer to the chancellor—if it be deemed at law, we *should* defer to the trial judge.

Therefore, the judgment may be allowed to safely repose in the friendly bosom of a whole family of aforesaid presumptions (using the apt figure of an erudite counsellor in open court·in another case) and should be affirmed.

It is so ordered.

All concur.