## ANNIE BLAIR, Respondent, v. JOSEPHINE PATERSON, Appellant.

### Kansas City Court of Appeals, May 4, 1908.

1. **TRIAL AND APPELLATE PRACTICE: Conflict of Evidence: Verdict.** The jury is the proper tribunal to determine the credibility of the evidence and where it has passed upon the facts the verdict concludes both the parties to the cause and the appellate court.

2. **APPELLATE PRACTICE: Instructions: Objection.** A general objection to instructions without specifying in what particular any one of them is erroneous, does not impose on the appellate court the duty to determine that question.

3. **TRIAL PRACTICE: Damages: Actual and Exemplary: Instruction: Verdict.** A jury were instructed as to the actual and punitive damages and given a form of verdict for each. It returned a verdict on the form for actual damages and said nothing about punitive damages. *Held*, the presumption it that they found only on the question of actual damages and made no finding in the way of punitive damages and the form of the verdict was not error.

4. ———: **Juror Over Age: Exception.** It is the duty of a party to examine the jurors as to their competency at the proper time, and, failing to do so, such competency cannot be inquired into after verdict.

5. ————: **Motion for New Trial: Time of Filing: Amendments.** Amended motions for new trial filed after four days are untimely.

6. **HUSBAND AND WIFE: Marriage: Proof of: Diligence.** *Held,* that the defendant fails to show diligence in assailing the marriage of the plaintiff after verdict and by motion for new trial filed out of time, and held, further that the evidence shows that the plaintiff and her husband were man and wife as much as if license and certificates of marriage had been properly issued and presented.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn,* Special Judge.

AFFIRMED.

*W. N. Pickard* for appellant.

(1) The court erred in overruling motion for new trial as verdict was not justified by the evidence and not warranted by the pleadings and the evidence. (2) The court erred in not sustaining motion in arrest of judgment for the reason that said verdict did not state whether the damages therein awarded were for compensatory or punitive damages, as provided by law and for the further reason that one of said jurors returning said verdict was incompetent and disqualified by statute. R. S. 1899, sec. 594; R. S. 1899, sec. 3799. (3) The court should have sustained the motion for a new trial on the ground of newly discovered evidence tending to prove that Mrs. Blair, the plaintiff herein, was never married to her alleged husband, so that this vital point might be passed upon by a jury. Even if the defendant had heard of this fact, yet she did not realize its importance or legal effect and did not disclose it to her counsel as record shows. (4) The court erred in not granting a new trial because one of the jurors returning said verdict, H. V. P. Kabrick, being sixty-five years old at the time, was prohibited by law from serving as a juror. The statute is mandatory.

R. S. 1899, sec. 3799.    (5)    The court erred in giving instructions 1 to 5 at request of plaintiff.

*Horace H. Blanton* and *Brown, Harding & Brown* for respondent.

(1)    The verdict was sustained by the evidence and warranted by the pleadings and instructions.    Courtney v. Blackwell, 150 Mo. 277.  (2) The court properly overruled the motion in arrest of judgment.    R. S. 1899, sec. 594; R. S. 1899, sec. 595; Courtney v. Blackwell, 150 Mo. 277.  (3) The court properly overruled the motion and amended motions for a new trial on the ground of newly discovered evidence.  Defendant's first amended motion for a new trial was not filed within four days after the rendition of the verdict but was filed nineteen days thereafter; and defendant's second amended motion for a new trial was filed more than three months after the rendition of the verdict.    The alleged newly discovered evidence was within the knowledge of defendant at the time of the trial and was known to her for one year before the trial.    (4)    No question as to the competency of the juror Kabrick, was raised until months after the verdict was rendered and the defendant not having examined him at the proper time as to his qualifications waived all objections thereto.    R. S. 1899, sec. 3763; R. S. 1899, sec. 3799; Pitt v. Bishop, 53 Mo. App. 600.

BROADDUS, P. J.—This is a suit by plaintiff for damages for the alleged wrongful act of defendant in alienating the affections of her husband W. D. Blair.

The plaintiff introduced evidence to the effect that on the 18th day of September, 1886, she was married to the said Blair; that on or about the 13th day of January, 1905, the defendant induced her husband to abandon her; and that she has since continued to deprive plaintiff of his support and companionship. There was evidence tending to show that during the

period of time mentioned between the date of the alleged marriage and that on which said Blair abandoned plaintiff he had become habituated to the excessive use of intoxicating liquors, and that the relation between the two was not of a very affectionate character; that plaintiff had gone so far as to bring a suit for divorce which however she dismissed; that Blair afterwards became sober and that they were living together in an agreeable manner to the date of the alleged acts of defendant that led to the separation. Plaintiff's evidence went to show that a great intimacy existed between the defendant and Blair, and that she had an undue influence upon his conduct which ultimately culminated in the abandonment by him of the plaintiff. The defendant's evidence tended to controvert that of plaintiff's in every important particular, and it even went to the effect that there was little or no affection existing between plaintiff and the said Blair.

The judgment for plaintiff was for $2,000, and defendant appealed. The principal ground relied upon by appellant for a reversal of the judgment is that there was no credible evidence to sustain the allegation that the defendant had alienated the affections of the said Blair. The point is, not that there was no such evidence, but it was such as was not entitled to credit. We have written time after time in numerous cases that have come before this court, that it is not the proper tribunal to determine the credibility of evidence, but that under the law the triers of fact are alone entrusted with that duty. Therefore we must hold again that as the jury has passed upon the facts that the verdict has concluded both the parties to the cause and this court in that matter.

The defendant alleges that the court committed error in the admission of certain testimony, which was incompetent; and that there was error in the giving of instructions for plaintiff, from one to five without spec-

ifying in what particular any one of them was improper. If defendant is unwilling or unable to point out these defects, if any, we do not feel that it is our duty to so do.

The plaintiff claimed punitive as well as actual damages. The verdict of the jury is in the following language: "We the following of the jury, agree to find for the plaintiff, and assess her damages at the sum of two thousand (2,000) dollars." It is signed by nine of their number. It is urged that the verdict was not lawful under section 595, Revised Statutes 1899, which provides: "In all actions wherein such damages (punitive) are allowed by the jury, the amount thereof shall be separately stated in the verdict." The jury were instructed that if they found for punitive damages they should state the amount of their finding separate from the finding for actual damages and a separate form was given them by the court for the purpose of making their return. The jury followed the form furnished by the court for actual damages in the return of the verdict. The presumption is that they only found on the question of actual damage, and that they did not make any finding in favor of plaintiff in the way of punitive damages. We can see no error in the form of the verdict.

Among other things relied on for a new trial was, that one of the jurors by the name of H. V. P. Kabrick was over sixty-five years of age. His age was not disclosed at the time the jury was empaneled, but was ascertained after the trial. Under section 3799, Revised Statutes 1899, persons over sixty-five years of age are not permitted to serve as jurors. The question was before this court in Pitt v. Bishop, 53 Mo. App. 600, wherein it was held that, it was the duty of a party to the suit to examine the jurors as to their competency at the proper time and if after having failed to do so, they cannot question his competency.

The defendant filed her motion for a new trial within the proper time, but made an amendment to it in nineteen days thereafter; and afterwards at the expiration of three months filed a second amendment. It has been held that amended motions for a new trial filed after the expiration of four days from the return of the verdict are untimely. [Scott & Colbern v. Joffee, 125 Mo. App. 573.]

The untimely amendment asks that the verdict be set aside because plaintiff committed perjury in testifying on the trial, wherein she testified that she was married to W. D. Blair in Wichita, Kansas, on the 18th day of September, 1886, whereas in fact she was never married to him at any time or place. To sustain the charge of perjury defendant introduced the affidavit of the officer in charge of the probate record at the place named, which showed that no license had ever been issued authorizing any such marriage and that there was no record of any kind to that effect. The plaintiff made affidavit that she met Blair at Wichita by appointment for the purpose of being married, that he told her he had a marriage license; that they went to a hotel, procured a Methodist minister by the name of Hannah and were married in the presence of a number of persons; that she was recognized by her relatives, and acquaintances as Blair's wife; that the minister gave her a certificate of marriage which is not in her possession and that since the filing of the amended motion for a new trial she has written to Blair at Dallas, Texas, where he is stationed imploring him if he was in possesion of the certificate to forward it to her, but she had received no reply to her request. Persons who knew plaintiff well before her alleged marriage and saw her and Blair together immediately thereafter and for years, testified to the fact that they were regarded as man and wife. It was further shown that defendant had been told before the trial that plaintiff

had never been married to Blair, but her counsel seeks to avoid the effect of such information by making it appear that the defendant had never communicated the same to them. This excuse will not avail defendant as an excuse for her own negligence.

But independent of the want of diligence on the part of defendant, the evidence shows that plaintiff and Blair were man and wife as much so as if a license had been issued accompanied with the certificate of minister of the gospel or other authorized persons, attesting such marriage. [Topper v. Perry, 197 Mo. l. c. 546; Imboden v. Trust Co., 111 Mo. App. 220; Ashford v. Insurance Co., 80 Mo. App. l. c. 643; Plattner v. Plattner, 116 Mo. App. 405.]

We find no error in the record of any kind. Affirmed. All concur.