PAULINE SANZENBACHER v. GEORGE SAN-
THUFF et al., Appellants.

**Division Two, May 18, 1909.**

1. **JURISDICTION: Tax Suit: Non-Resident: For Taxes Paid.**
The circuit court has jurisdiction of a suit for taxes, in which
notice is given by an order of publication, against a non-resi-
dent, who at the time was the actual and the record owner;
and such judgment, and the sheriff's deed in pursuance thereto,
cannot be collaterally attacked, for instance, by a suit in equity
to have the tax deed set aside on the ground that there were ir-
regularities in the allegations concerning non-residence. The
fact that at the trial of said equity suit the said non-resident
owner produced tax receipts showing the payment of taxes for
the year for which suit was brought and judgment obtained,
paid prior to the institution of the tax suit, does not show that
the court did not have jurisdiction of the tax suit, and will not
authorize the court to adjudge in the equity suit that the sher-
iff's deed was void.

2. ———: ———: **Unnecessary Party: Husband: Former
Owner.** Where a married woman was the actual and the rec-
ord owner, her husband was not a necessary party to the tax
suit instituted prior to May 29, 1889, for the taxes for 1886;
nor was the jurisdiction of the court affected by the fact that a
deceased former owner who by a recorded deed had conveyed
the property to another, was made a defendant.

Appeal from Reynolds Circuit Court.—*Hon. Jos. J.
Williams*, Judge.

REVERSED AND REMANDED.

*R. I. January* and *Dinning & Dinning* for appel-
lants.

(1) The court erred in ruling that the court ren-
dering the judgment had no jurisdiction to render to
same. (2) The court erred in setting aside the deed
made by the sheriff of Reynolds county to W. S. Wor-
ley, and the quitclaim deed from the latter to appel-
lants. (3) The blanket attack made by respondent

upon appellant's title is a collateral attack made upon a deed based upon a judgment rendered by the circuit court, whose general jurisdiction cannot be questioned. That the circuit court of Reynolds county had jurisdiction in the suit for taxes resulting in a judgment and sale thereunder and a deed executed to the purchaser at said sale, ought not to be questioned in any jurisdiction. (4) The petition in the tax suit was in the ordinary form and contained all the allegations required by the statute. R. S. 1889, sec. 7682. The judgment rendered in said cause is in due and legal form. The execution issued thereon is in due and legal form. The deed made by the sheriff based upon said judgment is in due and legal form. (5) The court erred in permitting respondent to attack the proceedings in the tax suit, for the attack is a collateral one. No judgment rendered by the circuit court can be attacked collaterally except for the want of jurisdiction to render the same. State v. Wear, 145 Mo. 162; Lovitt v. Russell, 138 Mo. 474; Estes v. Nell, 140 Mo. 639; Railroad v. Warden, 73 Mo. App. 117; Chrisman v. Divinia, 141 Mo. 122. The deed executed by the sheriff to Worley is in due form and not attacked by respondent, except that the judgment on which it is based was void, as respondent alleges and the court below so found. The court erred in ruling that the order of publication had to be inserted the last time thirty days before the November term, 1888, that being the return term. R. S. 1879, sec. 3500; R. S. 1889, sec. 2028; R. S. 1899, sec. 581; R. S. 1879, sec. 6841; R. S. 1889, sec. 7687.

*J. B. Daniel* for respondent.

(1) Respondent being a married woman at the time of the commencement of the tax proceedings, and her husband not having been joined as a party to that suit, such proceedings were void. R. S. 1879, sec. 3468; Edmonson v. Phillips, 73 Mo. 57. (2) It cannot be successfully contended that there was any attempt to

join with respondent her husband in the tax proceedings. The allegation in the tax petition as to unknown interested parties can not have any effect, since the petition was not verified. R. S. 1899, sec. 580; Quigley v. Bank, 80 Mo. 297; Rohrer v. Order, 124 Mo. 24; Myers v. McRay, 114 Mo. 378. (3) Respondent having fully and promptly done all that the law required of her, and having paid all of the taxes assessed against the land long prior to the institution of the tax proceedings, to the proper officer, could not legally be deprived of her lands by such tax proceedings. Laws 1887, p. 236, now R. S. 1899, sec. 9266. (4) The tax petition is fatally defective in that it does not sufficiently describe the lands against which the State's lien is sought to be enforced, and on that account it is not sufficient to support a judgment. Keith v. Hayden, 26 Minn. 212; Lowe v. Ekey, 82 Mo. 286; O'Day v. McDaniel, 181 Mo. 529. (5) A defective description in the tax petition cannot be helped or cured by a better, or even a perfect description in the taxbill filed therewith. Vaughan v. Daniel, 98 Mo. 234. (6) The tax judgment is insufficient and void for want of any sufficient description of the lands sought to be affected thereby. Vaughan v. Daniel, 98 Mo. 234; O'Day v. McDaniel, 181 Mo. 529; Lowe v. Ekey, 82 Mo. 286; Keith v. Hayden, 26 Minn. 212. (7) The order of publication was insufficient to confer any jurisdiction on the court to render any judgment in the tax proceedings, in that it failed to sufficiently describe the lands. Winningham v. Trueblood, 149 Mo. 587; Keith v. Hayden, 26 Minn. 212; Lowe v. Ekey, 82 Mo. 286; O'Day v. McDaniel, 181 Mo. 529. (8) The tax deed was null and void because not acknowledged in open court as the law required, there being no record whatever of the acknowledgment of said deed. And the deed itself, with the certificate of the clerk thereon, is no evidence of an acknowledgment where there is no such record as the clerk says

he has indorsed thereon. (9) The tax deed was insufficient to convey title to both if to either of the tracts of land attempted to be conveyed, because it shows upon its face that the whole amount of taxes and interest for which judgment was rendered was assessed against one of said tracts without showing which one. State v. Mentz, 62 Mo. 258; Burden v. Taylor, 124 Mo. 12; Guffey v. O'Reiley, 88 Mo. 418; Loring v. Groomer, 142 Mo. 1. (10) The said tax deed is wholly insufficient to convey the southwest quarter of section 3, for the reason that it nowhere in said deed appears that said lands in said section 3 were ever sold by the sheriff, but on the contrary it appears that the sheriff sold the lands in section 4 for $15, and that in consideration of $52 to him paid by W. S. Worley he conveyed to said Worley the two tracts. (11) R. D. Freer having died prior to the institution of the tax proceedings, such proceedings were void as to him on that account. Childers v. Schuntz, 120 Mo. 305; Crossley v. Hutton, 98 Mo. 196; Miller Mfg. Co. v. Eaton, 81 Mo. App. 657.

BURGESS, J.—This is a suit in equity by which plaintiff seeks to have certain deeds to land in Reynolds county set aside and for naught held.

Plaintiff in her petition states that she is now, and at all times mentioned in the petition was, a married woman and a resident of the State of Ohio. That on October 21, 1880, she purchased from one M. C. Parker the following-described land, situated in the county of Reynolds, in the State of Missouri, to-wit: The southwest quarter of section 3 and the southeast quarter of section 4, all in township 31 north, of range 2 west, of the fifth principal meridian in Missouri; that the deed from said Parker to her was duly filed on March 21, 1881, in the office of the recorder of deeds of said county, and is recorded in Deed Book 11, at page 217; that plaintiff, from the date of her

said purchase, has continued to be the owner and in the legal possession of all of said land, and has paid all of the taxes on the same except for the year 1892, when the taxes thereon were paid by some person to her unknown, but without her knowledge or consent.

"The plaintiff is informed and charges the fact to be that defendants set up some title or claim of ownership in and to said lands antagonistic to the right and claim of the plaintiff, and have caused to be placed on the deed records of said county a quit-claim deed to said lands from one W. S. Worley, purporting to have been executed on the 29th day of April, 1903, but not filed for record until the 18th day of January, 1905, and which is recorded in book 38, at page 48, of the deed records of said county, and plaintiff avers that the pretended title of the defendants to said land originated in a tax deed executed by R. Piles, sheriff of Reynolds county, dated May 29, 1899, filed for record June 1, 1899, and recorded in book 21, at page 106, of the deed records of said county, which deed purported to convey said land to W. S. Worley, the grantor of defendants as aforesaid, and defendants have, thereby, the only title or pretended title to said lands adverse to the plaintiff, who is the real owner of said lands in the fee simple.

"Plaintiff avers that said tax deed so executed and recorded as aforesaid conveyed no title, and is invalid in law; that the pretended judgment for taxes, upon which a special execution issued, by virtue of which said land was sold and deed executed was irregular, illegal, void, and of no effect as to this plaintiff and her title to said land; that there was no legal service on the plaintiff in said tax suit, and plaintiff had no knowledge thereof, or of the subsequent proceedings therein, or of the execution of the said deeds until the first day of August, 1905, when she employed counsel to institute this suit.

"Plaintiff further alleges that service was attempted to be had on her in said tax suit by publication in a newspaper published in said Reynolds county; but she avers that such publication was illegal and void, and did not comply with the provisions of the statute in such cases made and provided; that the petition filed in said suit contained no allegation, nor was any affidavit filed in said suit containing allegations, sufficient in law to authorize a legal publication against the plaintiff as a non-resident of Missouri, so as to confer jurisdiction on said court to render any judgment therein.

"Plaintiff further avers that the taxes for the year 1886, being the year for which said suit for taxes was instituted, were paid by plaintiff herein long prior to the filing of said suit, and that no taxes were at that time due and unpaid; that the said taxes for the year 1886 were neither assessed to her nor to the patentee as required by law, although she was the record owner thereof, as hereinbefore stated."

The petition contains the further averments: "That the petition in said tax suit was wholly insufficient to authorize the court to render any judgment thereon; that the said publication was wholly insufficient to confer jurisdiction on said court; that the defendants' pretended title dates back more than ten years before the commencement of this suit, that neither the defendants nor their grantors ever had possession of said land or ever exercised any ownership over same, and they are now barred from claiming the title thereto under said tax deed and quitclaim deed, but same constitutes a slander and cloud on plaintiff's title thereto, which in equity and good conscience ought to be removed."

Plaintiff prays the court to order and decree that said sheriff's deed to W. S. Worley and the quitclaim deed from said W. S. Worley to the defendants be

set aside and for naught held, and for general relief.

The defendants' answer was a general denial of each and every allegation and averment in the petition contained.

It was agreed by the parties, by stipulation filed, that the title to the land in question had emanated from the United States government and that both plaintiff and defendants claimed through R. D. Freer as the common source of title.

To maintain the issues on her part plaintiff offered and introduced in evidence a warranty deed, dated October 21, 1880, from M. C. Parker and Ellen Parker, his wife, to plaintiff, conveying to her the lands in controversy, said deed being recorded in the recorder's office of Reynolds county on the 24th day of March, 1881.

There was then read in evidence the deposition of plaintiff, wherein she stated that she was the grantee named in said deed, and that she had not, by deed of conveyance or otherwise, transferred or relinquished her title to said premises; that she had no knowledge prior to August, 1905, of a suit for taxes against said property ever having been begun or prosecuted, or of the execution of a tax deed by the sheriff of Reynolds county conveying the property to any person; that she, through her husband, C. F. Sanzenbacher, who transacted all business in connection with this real estate for her, paid the taxes thereon for the year 1886, and that he did this by her verbal authority. She further stated that she had never had in her custody or possession a deed executed by R. D. Freer conveying the property to M. C. Parker. Plaintiff's husband also testified that he never saw or knew anything about any deed from R. D. Freer to M. C. Parker.

Frank W. Freer testified for the plaintiff that he was a son of R. D. Freer, who died on July 21,

1884, leaving four children; that his father did not, so far as he knew, own any land in Missouri at the time of his death; that none of the heirs of his father had paid any taxes on land in Missouri, and that neither he nor any of the heirs made any claim of ownership to the land deeded by his father, R. D. Freer, to M. C. Parker.

Plaintiff next read in evidence the record of a warranty deed, dated January 4, 1879, executed by R. D. Freer and wife, conveying the property in controversy to M. C. Parker; also a deed of quitclaim from the heirs of R. D. Freer to the plaintiff, quitclaiming to her all their right and title in and to said property, said deed being executed November 27, 1905.

Plaintiff also introduced and read in evidence tax receipts showing that she or her husband, C. F. Sanzenbacher, had paid the taxes on said land from the year 1881 to 1905, excepting the year 1892.

Defendants on their part introduced a sheriff's deed, dated May 28, 1889, purporting to convey said land to W. S. Worley, the purchaser thereof at a sheriff's sale, said sale being made under an execution based upon a judgment rendered against Pauline Sanzenbacher and R. D. Freer for taxes due upon said land for the year 1886. Defendants also introduced a quitclaim deed to said land dated April 29, 1903, from W. S. Worley to the defendants.

In rebuttal, plaintiff introduced the original petition, taxbill, order and proof of publication in the suit wherein the aforesaid judgment for taxes was rendered against plaintiff and R. D. Freer.

The court found in favor of the plaintiff, and rendered judgment as follows: "That the judgment and execution which constituted the foundation for said tax deed were void, and that the court rendering said judgment had no jurisdiction to render said judgment, but that said deed and claims of defend-

ants constitute a cloud on the title of the plaintiff herein to said lands which in equity and good conscience ought not to be, and the court doth thereupon order, adjudge and decree that said deed from Pauline Sanzenbacher and R. D. Freer, by R. Piles, sheriff of Reynolds county, Missouri, as aforesaid, to W. S. Worley, and said quitclaim deed from W. S. Worley to the defendants herein, each be and they are hereby set aside and for naught held, and that the plaintiff recover of defendants her costs and charges in this behalf expended and that she have execution therefor.'' In due time defendants filed a motion to set aside the finding and judgment of the court and to grant them a new trial, also motion in arrest of judgment, both of which having been overruled, defendants appealed to this court.

It is claimed by defendants that the court admitted illegal, incompetent and irrelevant testimony offered by plaintiff, which did not tend to prove any issue made by the pleadings, and that in this the court erred, as well as in deciding and adjudging that the judgment and execution which constituted the foundation for the tax deed in question were void. It will be observed that defendants fail to point out what particular evidence was improperly admitted by the court, and the objection is entirely too general. Nor do we think it material, the case having been tried by the court. As to whether the court erred in rendering judgment for plaintiff will be decided later.

Defendants insist that the court erred in holding that the court which rendered judgment in the tax proceeding had no jurisdiction of that case and that said judgment was void.

We think that the proceedings in the tax suit were in substantial compliance with the law governing the collection of back taxes upon land and the enforcement of the payment of same by suit. Most of the objections urged by plaintiff against that judgment

are immaterial, and point to mere irregularities not going to the jurisdiction of the court. The court rendering the judgment in the tax proceeding, we find, had jurisdiction of the case, and its judgment cannot be attacked collaterally as is sought to be done by this suit. [State v. Wear, 145 Mo. 162; Lovitt v. Russell, 138 Mo. 474; Estes v. Nell, 140 Mo. 639; Chrisman v. Divinia, 141 Mo. 122.]

The land was sufficiently described in the tax proceeding, and the suit was in no way affected by the fact that R. D. Freer was dead at the time of the commencement of said suit, he having had no interest in the result. Mrs. Sanzenbacher was the sole owner of the land, and the only necessary party defendant. In no event could a personal judgment for the taxes have been rendered against her husband, and it was unnecessary to make him a defendant with her.

The record shows a sufficient acknowledgment of the sheriff's deed to the land, but it also shows that the southwest quarter of section 3, township 31, range 2, was not sold by the sheriff under and by virtue of the judgment, and said quarter section still remains the property of the plaintiff in this suit, subject to its proportion of the judgment for said delinquent taxes for the year 1886. The conclusion reached makes it unnecessary to pass upon the sufficiency of the petition, but in order that it may be amended and made more definite and certain, the judgment is reversed and the cause remanded. All concur.