Rose Stratman, Respondent, v. Norge Company of Missouri, Appellant.—124 S. W. 572.

Kansas City Court of Appeals. January 9, 1939.

*Green, Henry & Green, Robert D. Evans, John P. Peters* and *E. M. Zevely* for appellant.

592

*Hutchison & Hutchison* and *Booth & Anding* for respondent.

594

SHAIN, P. J.—This case, as we glean from the pleadings, is a suit for damages alleged as arising out of an order or contract for sale and installment of a heating plant in a hotel building owned by plaintiff. Said contract is alleged as made by and with agent of defendant. The plaintiff's petition alleges as follows:

"The defendant agreed to install one heating plant known as the Norge Fine Air Burner in the above described property for the consideration of nine hundred and fifty dollars ($950.00). It was further provided by said contract that defendant would install a suitable plant for plaintiff's building that would heat the same adequately and evenly, and that defendant would replace floors, walls, doors and ceiling in as good condition as they were found before installation, all of which the defendant agreed to do for the sum of nine hundred fifty dollars ($950.00), which sum the plaintiff then and there paid the defendant in consideration of the performance of said contract on the part of the defendant; that under the terms of said contract defendant contracted and agreed to install said plant immediately after the date of said contract, and place the lawn, walls, floors, ceiling and doors in said building in as good condition as they were in before the installation, immediately after the installation of said plant."

The plaintiff further alleged that:

"That the defendant did not install the heating plant that would adequately and evenly heat her hotel as agreed; that the plant so installed by the defendant under said contract did not and will not heat plaintiff's building adequately and evenly, all of which was and is known by the defendant, or should have been known by it before installing the same; that after the installation of the plant so installed, defendant did not replace the lawn, walls, floors, ceilings and doors as agreed, although, after the installation of the plant so installed, the plaintiff at different times and on different occasions informed the defendant or its agent that the plant so installed was not heating her building as agreed and defendant was also informed on different times and different occasions that it had not put the lawn, walls, floors, ceilings and doors in said building in as good condition as they were in before the installation; and that defendant, after being so informed on different occasions by its agent requested and

made changes of installation and undertook to execute and carry out its contract and in that attempt increased the damage of plaintiff's building in certain particulars, namely, by sawing off the doors and by replacing ducts and sawing additional holes in walls and ceiling, but failed and refused to alter or repair the damage done; that on different times and different occasions, plaintiff requested the defendant or its agent on numerous times that they would comply with said contract and would make the plant work satisfactorily and when that was accomplished, they would replace plaintiff's lawn, walls, floors, ceiling and doors as agreed, all of which defendant has failed and neglected and refused to do.

"The plaintiff further states that because of defendant's failure to comply with its contract, plaintiff has suffered loss to her hotel business and that many persons have refused to patronize and stay in her hotel due to defendant's failure to heat the hotel as agreed and that it has cost plaintiff additional expense to try to heat said hotel since the installation of the above furnace to the plaintiff's damage in the sum of five thousand dollars ($5000.00).

"Wherefore, plaintiff prays judgment against the defendant for the sum of five thousand dollars ($5000.00) and the cost of this suit."

Defendant joined issue by general denial.

A jury was waived and trial was by court and resulted in finding for the plaintiff in the sum of $1200 and judgment for said amount was duly had and entered by the trial court and from said judgment defendant has appealed.

We will continue to refer to appellant as defendant and to respondent as plaintiff.

The defendant's first two assignments of error require the same scope of enquiry upon review. Assignments One and Two are as follows:

"I.

"The Court erred in failing to give an instruction and declaration of law in the nature of a demurrer at the close of plaintiff's case.

"II.

"The finding and judgment of the Court is against the weight of the evidence and the law under the evidence."

As to the above assignments, the plaintiff contends that:

"This Court will not pass on sufficiency of evidence where it is not fully set out in the record."

"III.

"Refusal to give defendant's declaration of law in the nature of a demurrer to the evidence was not reviewable where record did not contain all the evidence, . . ."

"Where a case is brought up and the evidence is stated in narrative form partly and partly by means of questions and answers, and in such manner as to show that the real evidence is not brought up, but only the interpretation and construction placed thereon by appellant, the Court will not review the evidence, . . ."

"A finding of fact by the trial Court is conclusive on appeal when the evidence is not set out in the record, . . ."

"A party who prevailed in the trial court is entitled to have full effect of the testimony favorable to his judgment considered on review, . . ."

While there is filed no formal motion asking dismissal of appeal by reason of defect in the abstract of record, still the plaintiff in her brief challenges the sufficiency of the showing of evidence sufficient to permit a review by us on the question of demurrer to the evidence.

The evidence in the record is stated principally in narrative form, questions and answers being interspersed in the narrative. Our Rule 15 requires the filing of a printed abstract or abridgment of the record wherein is set forth all that is necessary to a full understanding of all the questions presented for our decision. Our rule conforms closely to the rule of the Supreme Court of Missouri. In Bedler v. Travelers Ins. Co., 117 S. W. (2d) 241, l. c. 443, it is said:

"The evidence of witnesses may be in narrative form except when the questions and answers are necessary to a complete understanding of the testimony. Pleadings and documentary evidence shall be set forth in full when there is any question as to the former or as to the admissibility or legal effect of the latter; in all other respects the abstract must set forth a copy of so much of the record as is necessary to be consulted in the disposition of the assigned errors.

"In Brand v. Cannon, 118 Mo. 595, 24 S. W. 434, 435, this Court said: 'When a party obtains a judgment of a court of competent jurisdiction in his behalf, the presumptions are all in favor of its validity, and the correctness of the means by which it was obtained, and the burden is on one who alleges error to show it. The law of this State has cast upon the appellant, not the respondent, the *onus* of preparing a printed abstract of the entire record of the cause, which he shall serve on his opponent and file in this court. . . . If a party, relying upon the provision that his opponent, if not satisfied, shall file a further abstract, can cast the burden on his adversary by filing a wholly insufficient and garbled abstract, it can readily be seen that the burden will be on the respondent to maintain his judgment, and not on the appellant to reverse it. Moreover, after the respondents have successfully prosecuted their suit to a judgment, there is no principle of justice that would require them to incur the labor and expense of furnishing this court with the information necessary to a proper determination of this appeal.''

The appellate courts of this State have repeatedly held that a requisite to passing upon a demurrer requires that all the testimony be abstracted, regardless of whether or not a respondent challenges the showing of the record the above is followed.

An examination of the record before us shows that the evidence, shown in narrative form, is not as a rule given in the language of the witness and often appears as statements of conclusions of the narrator as to what was sworn to by the witness. As an instance and to illustrate: In the examination of Witness Graham, placed upon the stand by plaintiff, a few direct questions and answers are shown and an exhibit is identified and offered in evidence. Following the above record, without further question or answer, appears as follows:

"That is the only contract he ever had with the Norge people. He had that one at the time he went to Stratman's hotel the first time. He did not remember when he took the trip with Mr. Dorzab to Vienna. He made more than one trip down there with Mr. Dorzab about that time. The second time he went down Mr. Holt, who is the district manager for the Norge Company of Missouri, living in Columbia, Missouri, came over and went down with him."

We have before commented upon the want of a standard and fixed method of abridgment of records in appeal. The tendency of litigants, filing in abridged form, is to follow the natural bent of mind and narrate in the most favorable light to the contention of the narrator and where the language does not appear in first person the narration often consists of the counsel's conclusions as to the effect of the testimony rather than the testimony of the witness.

It certainly would be a material help to courts of review if some method of abridgment could be established whereby and wherein the court, when it took up the record, could be certain that it was a sufficient record. Without such a method we are often confronted with the determining of this question and spending more time in its determination than would be required to review upon a record wherein no question of its sufficiency can arise.

It is the concern of appellate courts to be mindful of the rights of litigants and, if the record be sufficient, to review as to all points presented. The liberality of courts of appeal touching abridgment of record in narrative form is well expressed in Grant v. Knox, 227 S. W., l. c. 662, as follows:

"(1) Plaintiff objects to defendants' abstract of the record because of its narrative form alleged to be given, not in the language of the witness, but in that of defendants' counsel. Counsel do not file any additional abstract, and do not attempt in the brief to show wherein the evidence abstracted by the defendants is contrary to the truth or that it is incomplete. In fact, there seems to be little dispute over the facts of the case, and we think the objections of plaintiff's

counsel are without merit. The abstract does not appear to be in the language of defendants' counsel except as to matters over which there could possibly be no dispute, and, while the narrative form used is not in the first person, the language of the witness is given and not counsel's conclusion as to the effect of the testimony.''

We conclude, that even in consideration of the above liberal rules, the language above quoted from the abridgment of the testimony and other abridgments shown in narrative form, violates, in that the conclusions of counsel as to what was the testimony and not the testimony of the witness is shown. It must be understood however that our conclusion above goes as to the question of demurrer alone.

. There is further defect in the abstract of record filed herein wherein essential evidence to pass upon demurrer is missing. The index to abstract filed shows introduction of thirteen exhibits. Ten of these exhibits are not included in the record. These missing exhibits appear to be photographs showing condition of premises for which damages are claimed. To illustrate, five of these exhibits are referred to in the record in following language, to-wit:

''Plaintiff's Exhibit G is a fair representation of her dining room as it now appears.

''Plaintiff's Exhibit H is a fair representation of the room next to the dining room down stairs.

''Plaintiff's Exhibit I is a fair representation of the hall upstairs as the way it now appears.

''Plaintiff's Exhibit J is a fair representation of her office downstairs as it now appears.

''Plaintiff's Exhibit K is a fair representation of the wall where the cold-air duct is out.

''All of these exhibits are photographs taken after the installation of the furnace.''

With the record defective, in the respects as noted above, we conclude that we cannot convict the trial court of error in respect as charged in defendant's assignments of error One and Two.

Defendant makes Assignment No. Three as follows:

''The Court erred in admitting incompetent, irrelevant and prejudicial evidence.

''A. With respect to the declarations of alleged agents of defendant;

''B. With respect to evidence as to damages which were outside the pleadings.''

The rules as to assignments of error as to admitting of testimony have been so clearly set forth by the appellate courts of this state that the repetition thereof seems superfluous. However we repeat: The assignment must disclose what objections were made thereto when offered. Assignments of error as to admitting testimony will be overruled, where the testimony claimed to be improperly admitted

is not pointed out. [Blair v. Patterson, 110 S. W. 615, 131 Mo. App. 122; Thornton v. Stewart, 240 S. W. 502; Gardner v. Robertson, 208 Mo. 605, 106 S. W. 645.]

The above rules are best complied with by giving the reasons for the claim of error under the direct head. However, with full regard to the rights of litigants, we will review the assignment if requirements are met under brief, points and authorities and herein we conclude to give consideration if these matters are fully shown and explained under the head of argument.

Under the head "Brief" we find as to "A" of the assignment as follows:

"A. Declarations and acts of alleged agents are not admissible in evidence without a showing, first, of the agency; second, the authority of the agent, and, third, that the declaration and acts were within the scope of the agency."

While the above proposition of law is correct still there is nothing in above to point out to us the evidence claimed to have been improperly admitted. In the argument we are referred to page 17 of the record. By reference to the record we find that when witness Robert Graham went on the stand and was being interrogated as to a Mr. Dorzat, who plaintiff claimed was a representative of defendant who had represented what the plant being sold would do. The following is shown:

"Q. What did he tell her this plant would do?

"MR. EVANS: I am going to object, make my same objection, that there is no scope of agency shown to make any such statement, and make it binding on the company, and it is leading.

"THE COURT: Overruled. It is leading."

To which ruling of the Court defendant, by counsel, then and there duly excepted at the time.

"He could not tell the exact words. In substance he stated that the plant would do the job of heating the hotel. He has the original copy of the agreement in his pocket, which was produced and marked 'Plaintiff's Exhibit B,' and which he identified as being the agreement that was signed there on the 4th day of November by Mrs. Stratman, a representative of the Norge people and himself."

Reference is shown to (Abst., pp. 31, 32). By turning to page 31 of the record we find the testimony of plaintiff, when on the stand is recorded in narrative form in the language of the narrator as follows:

"She knows Mr. Graham, who was just on the stand, and she knows a man by the name of Dorzab, who came down with Mr. Graham one Saturday morning in October, 1936. She had not known either one before. They said Mr. Anderson had sent them down and that she was interested in a hotel heater. She told them she wanted to buy one for her restaurant and that they talked to her about a furnace in the hotel.

"Q. Mr. Dorzab?. All right, go ahead and tell what he said.

"Mr. Evans: I want to make an objection at this time, about any statement of Dorzab in line with the objection I have heretofore made, unless there is some authority of his to make any statement binding on the Norge Company of Missouri. It wouldn't be binding.

"The Court: Overruled.

To which ruling of the Court defendant, by counsel, then and there duly excepted at the time.

There appears on pages 32 and 33 of the record evidence in narrative form in language of counsel.

However, no objections and exceptions are shown.

The testimony complained of is as to statements of Mr. Dorzab.

Exhibit "B," which is the order for equipment and installment, is set out in full in the record and signatures thereto appear as follows:

"Purchaser Signature (Signed) Mrs. A. J. Stratman

"Salesman (Signed) Graham

"Supervisor (Signed) Dorzab

"Accepted Dealer (Signed) Jeff City Norge Appliance
"(Signed) A. J. Stratman."

We are referred by defendant's argument to page 41 of the record. By reference we find one objection made on the ground that answer was not responsive. The above presents all that is called to our attention respecting Topic "A" of defendant's Assignment Three.

It is manifest that all objections to evidence as set forth above were well taken and the admission of same was in error, unless the parties quoted were agents with authority to bind defendant. However, the record before us is not sufficient for us to determine as to whether or not facts in evidence presented an issue of fact as to their being or not being agents with authority to speak for and bind defendant. Such evidence is nowhere pointed out.

The case at bar being tried before the court presents a situation where a court of review must sustain the judgment if consistent with the law and supported by substantial evidence. As our circuit courts are courts of general jurisdiction to which every citizen has a right to go to maintain and enforce his rights, it follows that he who feels aggrieved at its judgment must bear the burden, when appealing, of substantiating charges of error. An appellate court can only base its conclusions on the record showing bearing directly upon the question presented by the assignment of error and when the assignment fails to present reasons and the record when examined is defective or fails to substantiate the reasons, we are powerless to convict the trial court of error. For reasons stated above we refuse to find the trial court in error as to Topic "A" of Assignment Three.

As to Topic "B" of Assignment Three, all can be said as to defects of record and citation thereto that was said as to Topic "A," *supra*. In addition to what is said as to Topic "A," **in the action** at bar plaintiff sues for damages in the sum of $5000 and the judgment awards only damages in the amount of $1200. We are of the opinion that plaintiff's petition alleges as to damages that are speculative. However, as before stated, trial was by the court. **In trials before** the Court, evidence is often admitted with great liberality and as no findings of fact or declarations of law **are shown as asked** and given and as exhibits that appear to be material evidence as to damages are not included in the record, we are unable to conclude that the court erroneously included in the judgment items of speculative damages.

Defendant's Assignment of Error Four is as follows:

"The finding and judgment of the Court is excessive."

In Defendant's brief, point Four appears as follows:

"Where the judgment is an amount far in excess of the damages shown by the competent evidence it cannot stand.

"A. Loss of profits which are speculative are not a proper element of damage. [Spruce Co. v. Mayes, 62 S. W. (2d) 824.]

"B. Evidence of damage not claimed in the petition is inadmissible."

In the assignment in defendant's brief and under Topic Four we are referred to (Abstract, p. 42). By turning to page 42, we find no record of objection or exception.

We are further referred to (Abstract, p. 61). By turning to the abstract, we find that testimony referred to is that of plaintiff's witness R. F. McCaw, who, judging from two pages of narrative testimony, had qualified as an expert on heating plants. Thereafter at bottom of page 61 and top of page 62 the following is shown:

"Q. In your opinion what is the value of that furnace as it is installed in the hotel, to the hotel?

"MR. EVANS: I object to that for the reason it is not an element of damage in this case what the value is.

"THE COURT: Overruled.

"To which ruling of the Court defendant, by counsel, then and there duly excepted at the time.

"A. In my opinion, complete with the duct work installed, should be worth—the cost of the job, I take it, you want? In other words, what should it cost to install that system? It is valueless because it won't do the trick."

The objection and exception shown above is the only one that is designated and called to attention in reference to **Assignment Four**.

We conclude that Assignment Four together with showing of rec-

ord as pointed out in defendant's brief, does not justify a finding by this Court that the finding and judgment of the trial court is excessive.

Judgment affirmed. All concur.