EDITH McMURRAN, PRO AMI, RESPONDENT, v. KANSAS CITY, MISSOURI, APPELLANT.—155 S. W. (2d) 213.

Kansas City Court of Appeals. January 26, 1942.

*William E. Kemp* and *James Patrick Quinn* for appellant.

*D. C. Briggs, Homer A. Cope, Cope & Hadsell* and *Walter A. Raymond* for respondent.

SHAIN, P. J.—In this action the plaintiff seeks damages for injury alleged to have been received by her on June 22, 1940, when she tripped over a metal horseshoe peg in Ashland Park, a public amusement park of Kansas City, Missouri.

Plaintiff's petition duly alleges as to defendant being a municipal corporation and duly alleges duty of defendant to use ordinary care to keep the said public park reasonably safe for use of patrons of same.

Plaintiff being a minor, her father was duly appointed and acts as her next friend in bringing and prosecuting this suit.

It is alleged in plaintiff's petition as follows:

"Plaintiff further states that each and all of her said injuries and injurious consequences were directly and proximately caused by the negligence and carelessness of the defendant in this, to-wit;

"1. That the defendant negligently caused, allowed, or permitted said metal pipe to be and remain in said public park and protrude above the surface of the ground of the same, thereby making it dangerous for persons traveling in said park and running and playing therein, after the defendant knew, or, by the exercise of ordinary care, could have known of the presence of said metal pipe in said park for a sufficient length of time prior to the 22nd day of June, 1940, that, in the exercise of ordinary care, said defendant could have discovered said metal pipe and could have removed the same before said date, or, have otherwise remedied said condition, and thereby could have avoided plaintiff's said injuries, but negligently and carelessly failed so to do."

Plaintiff further alleged negligence in failure to warn, in failure to barricade or fence off said metal peg.

The facts of falling over a peg in the park and resultant injury are not controverted. However, there was evidence to the effect that plaintiff fell over a peg at a different place than is alleged.

Defendant joined issue by unverified answer as follows:

"Defendant, Kansas City for answer to plaintiff's petition, says:

"1. It denies generally, each and every allegation in plaintiff's petition made or contained.

"2. Defendant says that plaintiff's conduct contributed to any injuries plaintiff may have received in this; that plaintiff negligently failed to use plaintff's eyes and senses in selecting the course which plaintiff was pursuing, and negligently failed to use plaintiff's eyes and senses in the use of such course.

"WHEREFORE, defendant, having fully answered, asks to be dismissed with its costs."

Trial was by jury and jury verdict was for plaintiff in the sum of $2500. Judgment was in accordance with verdict and defendant has duly appealed.

The appealing defendant assigns errors as follows:

"The trial court committed reversible error in its rulings upon the admissibility of evidence and upon the improper statement of counsel in eliciting this evidence in the following particulars:

"A. The testimony concerning unidentified persons pulling up a metal peg in the park, photographing it and carrying it away several weeks after plaintiff's fall was immaterial and prejudicial and defendant's objections thereto should have been sustained.

"B. The question of counsel for plaintiff concerning the conduct of employees of the City Counselor's office was in the nature of an assertion, was highly prejudicial, and the Court's statement that the question was improper did not cure the error."

OPINION.

We shall continue to refer to parties as plaintiff and defendant to conform to the situation in the trial court.

The defendant's only assignment of error, *supra*, appears to be concerning admission of some evidence admitted and some questions asked by plaintiff's counsel concerning employees in the City Counselor's office. The defendant makes specifications indicated as "A" and "B."

The presentment of claim of error is in very general terms. Neither the evidence nor the questions complained of are set forth, nor is there any reference to where same may be found in the record. Further, neither the objections made, if any, nor the rulings of the court thereon, if any, are stated, and no reference is made as to where found in the record. Further no reasons are assigned as to why, if so, the evidence, referred to in general terms or the questions, referred to in general terms, were immaterial, prejudicial, or improper, if so.

The defendant, under the head of "Argument" restates the assignment, *supra*, but there is nothing in the restatement to supply the defects referred to, *supra*. However, in the printed argument, under specification "B" some pages of the record are referred to and we gather from reading the record that the complaint on part of the defendant is concerning testimony of taking of photograph that is not presented in the photographic exhibits which were placed in evidence by defendant.

It appears that in rebuttal, plaintiff called a young man by name of Edward C. Weiford as a witness who was questioned concerning defendant's photograph Exhibit D. It can be inferred from the record showing that the witness recognized defendant's Exhibit D

as a photograph that he had seen taken. It can be further inferred from the showing of the record that the witness had seen the same parties take a picture of another location. However, the other picture was not in evidence. The record discloses much confusion and interruptions in the examination of the witness concerning the taking of the photograph not produced in evidence.

The specifications as to errors claimed in defendant's assignment, *supra*, are so abstractly stated, so void as to reasons given, objections made, rulings made, and so defective as to references to where found in the record, that it is impossible to make an intelligent review based upon any standpoint of presentation in the defendant's brief. [Kilger v. Sanko, 1 S. W. (2d) 218; Williams v. American Exchange Bank, 280 S. W. 720; Martin v. Continental Ins. Co. of City of New York, 256 S. W. 120; Blain v. Patterson, 131 Mo. App. 122, 110 S. W. 615; Zahm v. Royal Fraternal Union of St. Louis, 154 Mo. App. 70, 133 S. W. 374; Thornton v. Stewart, 240 S. W. 502; Gardner v. Robertson, 106 S. W. 645, 208 Mo. 605; Sanzenbacher v. Santhuff, 220 Mo. 274, 119 S. W. 395; School Dist. of Kansas City v. Phoenix Land & Improvement Co., 297 Mo. 332, 249 S. W. 51.]

As defendant rests its claim for reversal alone on matters discussed, *supra*, there is but one course for us to take.

Judgment affirmed. All concur.