## HENRIETTE ZAHM, Respondent, v. ROYAL FRATERNAL UNION OF ST. LOUIS, MISSOURI, Appellant.

St. Louis Court of Appeals.   Submitted on Briefs December 6, 1910.
Opinion Filed December 30, 1910.

1. EVIDENCE: Stipulation of Attorney: Authority of Attorney. A *stipulation signed by one as attorney for plaintiff, who did not appear to have been an attorney of record in the cause, for plaintiff at any time, was not admissible in evidence.*

2. APPELLATE PRACTICE: Instructions: Objection Prerequisite to Review. Where only one declaration of law was given for plaintiff, and no objection was made thereto, an assignment that the court erred in its declarations of law given at plaintiff's instance was not reviewable.

3. FRATERNAL BENEFICIARY ASSOCIATIONS: Waiver. The doctrine of waiver by acts is applicable to fraternal beneficiary associations as well as to regular insurance companies.

4. ———: Forfeiture for Non-Payment of Premium: Waiver. Where defendant fraternal beneficiary association, prior to April, 1906, had been in the habit of receiving payment of monthly assessments from insured during the month for which they were made, without requiring him to be reinstated, it thereby waived the requirement that insured must pay the assessments on or before the last week day of the month preced-

ing the month for which they were made, and it could not, without first giving insured reasonable notice of its intent to change its custom, require him to make payments strictly in accordance with the contract nor require his reinstatement, without notice of such change, for his failure to pay the April, 1906 assessment prior to the last week day in March.

5. **INSTRUCTIONS: Trial by Court: Function of Declarations of Law.** Where a case is tried by the court without a jury, the same nicety in declarations of law is not required as in instructions to a jury; the only purpose of such declarations being to inform the appellate court as to the theory of the law on which the case was tried.

6. **FRATERNAL BENEFICIARY ASSOCIATIONS: Suspension of Member Without Cause: Application for Reinstatement: Member Not Estopped to Deny Legality of Suspension.** Where a member of a fraternal beneficiary association filed an application for reinstatement, on the society's insistence that he was in default, insured being ignorant of the fact that he was not in default, his acts in signing the request for reinstatement, in submitting to the same, and in accepting reinstatement, did not estop him from claiming the rights of a member in continuous good standing.

7. **APPELLATE PRACTICE: Review: Admission of Irrelevant Testimony: Trial by Court.** Error in the admission of irrelevant testimony is unavailable on appeal from a judgment in an action tried by the court.

8. **———: Assignments of Error: Sufficiency.** An assignment that the court erred in admitting irrelevant testimony on the part of plaintiff is too general to be effective.

9. **FRATERNAL BENEFICIARY ASSOCIATIONS: Pleading: Denial of Legality of Member's Suspension: Sufficiency of Reply.** In an action against a fraternal beneficiary association on an insurance certificate, where defendant denied liability, except for a limited sum, on the theory that insured had been suspended for failure to pay an assessment in time, a reply containing, first, a general denial, and then alleging that insured was never in default in the payment of his dues nor was other than in good standing in the order, and setting up matters of estoppel, was not subject to a general demurrer.

10. **APPELLATE PRACTICE: Review: Trial by Court: Weight of Evidence.** Where an action on a policy is tried by the court, the determination of the weight of the evidence and the credibility of the witnesses and the effect to be given to the evidence on the facts is exclusively within the province of the trial judge and will not be interfered with on appeal.

11. ——: Assignments of Error: Conflicting Instructions. Where, on appeal, specific errors were assigned, but none of them alleged error in that the instructions given by the court and those requested and given at defendant's instance were conflicting, such objection was not thereafter available.

12. ——: ——: Must be Specific. An assignment of error must point out specifically the error complained of, and errors not so pointed out will not be noticed.

13. ——: Damages for Vexatious Appeal. Damages will not be awarded as for a vexatious appeal, where appellant's contentions, though unfounded, appear to have been made in absolute good faith.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Williams*, Judge.

A**FFIRMED**.

*Edwin S. Puller* for appellant.

(1) The contract of a benefit society is with the member. He alone is interested in it. During his lifetime the beneficiary has no vested interest in the benefit, no rights which cannot be lost or divested by the act of the member, and none that can be asserted while the member is living. 1 Bacon on Ben. Societies (3 Ed.), sec. 237, p. 526; Hoffman v. Grand Lodge, 73 Mo. App. 47; Hansen v. Sup. Lodge K. of H., 140 Ill. 301. (2) The contract is the measure of the beneficiary's rights and he is bound by its provisions. Roberts v. Grand Lodge, 68 N. Y. S. 949; Sabur v. Phinney, 134 N. Y. 423; Hellenberg v. Dist. No. 1, 94 N. Y. 580; Sanger v. Rothschild, 123 N. Y. 577; Glardon v. Sup. Lodge K. of P., 50 Mo. App. 45; Niblack on Ben. Societies, secs. 136, 150, pp. 272, 295. (3) A member may waive the requisite formalities for suspension and, acquiescing therein, loses his right to question the legality of his suspension. 2 Bacon on Ben. Societies (3 Ed.), sec. 385, p. 974; Stewart v. Sup. Council,

36 Mo. App. 184; Heffernan v. Sup. Council, 40 Mo. App. 605; Borgraefe v. K. of H., 26 Mo. App. 224; Glardon v. Sup. Lodge K. of P., 50 Mo. App. 45; Miller v. Grand Lodge, 72 Mo. App. 499; Scheele v. State Lodge, 63 Mo. App. 282; Lavin v. Grand Lodge, 78 S. W. 325; Hansen v. Sup. Lodge, 140 Ill. 301; Teeter v. U. L. Assn., 159 N. Y. 411; Grand Lodge v. Scott, 97 N. W. 647; Dimmer v. Sup. Lodge, 12 Oh. Cir. Dec. 413; Niblack on Ben. Societies, sec. 58, p. 120. (4) An application for reinstatement is a waiver of any defects in the proceedings for suspension. Hanson v. Sup. Lodge, supra. (5) Every provision of the policy not illegal or immoral is presumed to be material to the obligation and will be enforced. Allen v. German Am. I. Co., 123 N. Y. 12; Lamb v. Prud. I. Co., 48 N. Y. S. 125; Janneck v. Prud. I. Co., 162 N. Y. 574; Russell v. Prud. I. Co., 176 N. Y. 189; Conway v. Phoenix M. L. I. Co., 140 N. Y. 79. (6) Waiver is a mixed question of law, and fact and each case depends on its peculiar facts and circumstances. It is a question of intention to be gathered from the conduct of the party sought to be charged with the waiver. Dry Goods Co. v. Ins. Co., 100 Mo. App. 504; Bank v. Ins. Co., 109 Mo. App. 654. (7) A statement merely that an act was fraudulent is not the statement of a fact and is not admitted by a demurrer. Daman v. Colman, 8 Mo. App. 595; Smith v. Sims, 77 Mo. 269. (8) Contrary, inconsistent or conflicting instructions constitute cause for a reversal of the judgment. Hickman v. Link, 116 Mo. 123; Spillane v. Railroad, 111 Mo. 555; Bluedorn v. Railroad, 108 Mo. 439; Modisett v. McPike, 74 Mo. 636; Emmons v. Quade, 176 Mo. 22.

*Peers & Peers* and *E. P. Johnson* for respondent.

(1) The benefit certificate issued to Zahm was a contract between him and appellant that could not be

altered by any officer of appellant without his express consent. Small v. Court of Honor, 136 Mo. App. 434; Young v. Railway Mail Assn., 126 Mo. App. 325; McIntyre v. Ins. Co., 142 Mo. App. 256; Lewine v. Knights of Pythias, 122 Mo. App. 547. (2) Appellant, by its course of business with Zahm, under which it received assessments from him during the month for which they were made, from April, 1903 on, waived any forfeiture of his certificate because of their non-payment in advance. Burke v. Grand Lodge, A. O. U. W., 136 Mo. App. 450; Suess v. Life Ins. Co., 193 Mo. 564; James v. Life Ins. Co., 148 Mo. 1; Andrus v. Life Ins. Co., 168 Mo. 151; Reed v. Bankers' Union, 121 Mo. 419; Cline v. Woodmen of the World, 111 Mo. App. 601. (3) This course of business having waived any forfeiture of Zahm's certificate for non-payment of dues in advance, up to and including March, 1906, appellant could not claim a forfeiture as it did, for non-payment of dues in advance for April, 1906, without having previously given him notice that it intended to do so, and there is no pretense that it gave such notice. McMahon v. Maccabees, 151 Mo. 522, 537. (4) The prompt payment by Zahm of dues for April, 1906, having been thus waived by appellant, it could not recall the waiver and forfeit his certificate on that account. Burgess v. Mercantile Ins. Co., 114 Mo. App. 169.

REYNOLDS, P. J.—The appellant here, defendant below, is a fraternal benevolent association, organized under the laws of this state, doing business upon the lodge system, with a ritualistic form of work and a representative form of government, and hereafter referred to as the Order. One John Zahm, on or about the 27th of October, 1899, received a certificate of beneficiary membership in the Order which provided, among other things, for the payment to the re-

spondent, then the wife and now the widow of the member, of two thousand dollars on his death in case his membership had then continued in full force and effect for twenty years after the issue of the certificate, providing, however, that should the death of the member occur while the certificate was in full force and effect and prior to the expiration of 20 years from delivery thereof, there should be paid to the beneficiary in full settlement of the claim, a certain percentage of the two thousand dollars only. Thus if the death of the member occurred after six months from the delivery thereof and within two years, not exceeding the sum of five per cent of the principal sum should be payable; if the death occurred after seven years, then not to exceed thirty-five per cent was payable, and so on, the percentage increasing at stated periods, the full sum payable only in case the member died after twenty years from date of commencement of membership. It is provided, among other things, in the seventh clause thereof, that,

"This certificate . . . shall continue in force only so long as the said member remains in good standing and all payments required hereon are paid in advance, without notice, to a duly authorized local treasurer of the order, or at the order's home office, in St. Louis, Missouri. It is issued in consideration of the first payment, and the further payment of one assessment of one and 50|100 dollars, on or before the last week day of each and every month hereafter, in advance, without notice. This certificate is issued and accepted subject to the agreements, statements, exceptions and warranties contained in the member's application herefor, to the conditions and statements on the back hereof, to the constitution and by-laws of the order, now in force or hereafter enacted, and to the order's rates, and classification of risks, all of which are made a part of this contract, and all of

which statements and agreements in said application contained are, and shall be construed as warranties.

"The terms and conditions of this contract cannot be waived or altered by any deputy, organizer or solicitor; no modification or alteration of any of its provisions shall be valid unless endorsed hereon by the supreme secretary of the order."

Among other conditions printed on the back of the certificate, is one to the effect that should the member fail to pay his assessment as therein required, he "shall stand suspended and cease to be entitled to any benefits, and the certificate shall, without notice, immediately become null and void and of no effect, and all payments made to the order shall be forfeited;" provided, that the member may, within thirty days from the suspension, if in good health and free from injury on the date of reinstatement, that is to say, the date the health certificate is approved by the supreme secretary, revive the certificate by filing with the supreme secretary a health certificate subject to his approval, and on the payment to him of the delinquent assessment together with a fine of twenty-five cents, "and in further consideration of such reinstatement said member is to waive all right and claim to any benefit or indemnity for any disability occurring or existing while he has lapsed (i. e., this order shall not be liable for, or the member or his beneficiary or beneficiaries shall not be entitled to benefits or indemnity for any cause arising or existing during such delinquency) or if occurring on the day of reinstatement; and in case of such reinstatement it is agreed that the benefits shall accrue solely on the same terms and conditions as though a new application had been made and a new certificate issued. It is expressly agreed that, after a lapse of this certificate by reason of failure to pay assessments when due, any payment which may be made prior to the approval of the health

certificate, shall be held by the order in trust for the payor, and this certificate will not be revived nor be in force until said payment and the proper health certificate have been approved by the home office of the order in St. Louis, Mo., and approved by the supreme secretary of the order.''

John Zahm, the member, failing to pay the assessment due in April, 1906, by the 15th day of that month, was notified by the defendant order about the 17th of that month, that his membership had lapsed and an application for a reinstatement was transmitted to him at Jacksonville, Flordia, where he resided. He appears to have signed this and to have transmitted it, together with $1.50, the assessment, and twenty-five cents, the fine, direct to the principal office of the order at St. Louis, where it was received the 23d of April, 1906, and according to the testimony of the President of the Order, this money was ''held in trust'' until the necessary health certificate was received, which was on May 4, 1906, on which day the order applied the amount remitted as a credit to his May dues. About the 15th of May, Zahm appears to have paid the May assessment which, however, was credited on the books of the order to the June assessment, thus apparently leaving no credit on the books of the company for the April, 1906, assessment. Zahm died on the 11th of May, 1907, apparently having, after May, 1906, paid all assessments down to the time of his death. Proof of death appears to have been duly furnished by the widow, who demanded payment of seven hundred dollars, claiming that the death had occurred more than seven years after the date of the beneficiary certificate.

On the part of defendant, it was claimed, by the answer and on the trial, that under the provisions of the contract it was only in force and effect from the date of reinstatement and that between that date and

his death, a period of less than two years having elapsed, his beneficiary, the widow, was entitled to claim but five per cent of the principal sum, that is one hundred dollars. Defendant pleading this in its answer, the plaintiff in reply, in addition to a general denial, averred that Zahm was never in default in the payment of dues or in other than good standing in the order; that he had become a member of the order about October 27, 1899; that the order had never de-manded or collected the monthly dues from him in advance but always did both upon various dates during the months in which they fell due, whereby it is aver-red that the order had waived any requirement to pay dues in advance, and any cause of suspension or for-feiture on that ground had been waived as to him; and that failure to pay the April assessment on or before the 31st day of March did not operate to suspend him or forfeit his certificate, and he remained a member in good standing and his certificate remained in full force. It is further set up in the reply that the order, in April, 1906, falsely and fraudulently represented and claimed to Zahm that he had been suspended from the order by reason of having failed to pay an assess-ment for that month on or before the last day of the preceding March, and that his certificate or policy had hence become null and void and that it refused to recognize him as a member unless he should apply for reinstatement forthwith; that Zahm had protested against this false and fraudulent representation with-out avail, and that under protest and in order to secure recognition as a member and the continuance of his certificate or policy, on or about May 4, 1906, he had made application to be reinstated; that this was done and he had paid the assessment which appellant had marked as on a reinstatement. It was further sat out in the reply, that if any attempt was made between appellant and Zahm to alter the seventh provision of

the latter's certificate, it was not indorsed thereon in writing and therefore invalid. Section 105 of the constitution of the order is set out, and it is averred that any attempt by defendant with Zahm to postpone such payments to the 15th of the month and forfeit his certificate if not paid on the latter date, was invalid. This section 105 is as follows:

"Sec. 105. All payments of assessments on benefit certificates shall be payable in advance, without notice, on or before the last week day of each month, and shall be remitted by the treasurer to the supreme secretary on or before the tenth day of the following month. Failure to remit within said time shall, *ipso facto,* cause such council and members to stand suspended."

Section 108 is also relied on and may as well be inserted here. It is as follows:

"Sec. 108. One regular assessment shall be paid by each beneficiary member each month, payable, without notice, in advance, on or before the last week day of each month, to the home office of the order or to the duly authorized local treasurer. The order shall have the authority to levy and collect such assessments, in addition to the regular monthly assessments, as may be necessary to provide for the payment of accrued benefits and expenses, notice of which shall be sent to each member by mail fifteen days before the same shall become payable."

The "new matter" in the reply was demurred to and the demurrer overruled.

The trial was before the court, a jury having been waived. As stated by counsel for the respondent, the only contested question in the case was whether Zahm's certificate was continuously in force and effect from the time it was delivered to him until his death, as provided in the certificate; if so, there should be judgment for seven hundred dollars, but if not, then the judgment should be reversed and one entered or di-

rected for one hundred dollars. The trial was practically on these lines. During the trial a stipulation signed by an attorney, who appears to have been the attorney for the plaintiff in Jacksonville, Florida, signed also by counsel of record for the defendant, to the effect that it was admitted that the April, 1906, assessment had not been paid was offered in evidence by defendant. This was objected to on the ground that the attorney purporting to sign in behalf of the plaintiff, was not an attorney of record in the cause and that the first that counsel of record for plaintiff knew of its existence was when it was offered at the trial of the cause. The court sustained the objection and excluded this stipulation.

After the conclusion of the testimony, the court gave a declaration asked by plaintiff and five declarations of law asked by the defendant. The respective parties excepted to the giving of these declarations. The court refused nine declarations of law asked by the defendant and exception was duly saved to the refusal. After taking the cause under advisement, the court found for plaintiff and entered up judgment for seven hundred dollars and interest to date of judgment. Plaintiff duly filed a motion for new trial, excepted to its being overruled and has prosecuted its appeal to this court.

The learned counsel for the appellant makes seven assignments of error: First, that the verdict and judgment are against the evidence, against the weight of the evidence and against the law under the evidence. Second, that the court erred in excluding the stipulation signed by the attorney referred to in the statement. Third, that the court erred in its declaration of law given at the instance of plaintiff. Fourth, that it erred in refusing the declarations of law asked by appellant. Fifth, that it erred in the declarations of law given of its own motion. Sixth, that it erred

in admitting irrelevant testimony on the part of the respondent. Seventh, that it erred in overruling appellant's demurrer to the reply. These are all the assigned errors.

The second assignment of error, in excluding the stipulation of the attorney, cannot be sustained. The attorney referred to does not appear to have been an attorney of record in the cause at any time.

The third assignment of error, that the court erred in its declarations of law given at the instance of plaintiff, might be disposed of by saying that as only one declaration of law appears to have been given at the instance of plaintiff and no objection appears to have been made to it, it is not subject to review. [Sheets v. Ins. Co., 226 Mo. 613, 126 S. W. 413.] We are compelled to disregard this assignment for the very sufficient reason that the declarations given, as we hold, fairly set out the facts, which under plaintiff's view of the case, if proven, entitled her to a finding. It declares as a matter of law, that if defendant had, prior to the month of April, 1906, been in the habit of receiving payments of monthly assessments from John Zahm during the months for which they were made, without requiring him to be reinstated in the order, it thereby waived the requirement that Zahm pay the assessments on or before the last week day of the month preceding the month for which they were made, and that defendant could not, without first giving reasonable notice to him of its intention to change its habit of so receiving payments of assessments from him, require Zahm to make such payments other than in accordance with such habit of defendant in receiving them from Zahm, and the attempted suspension of Zahm by defendant from its order was void, and the attempted suspension and reinstatement did not prevent the benefit certificate sued on from

being continuously in force and effect. The cases are so numerous, decided by the Supreme Court and our Appellate Courts, as well as by the United States Supreme Court and the courts of many other of the states on the rule of waiver here announced, that it is unnecessary to attempt to enumerate or quote from them. It is a settled rule in all of these cases that the doctrine of waiver by acts is applicable to these societies as well as to regular insurance companies; for that matter, is applicable to all conditions in contracts which may be assumed to have been waived by a long continued course of conduct between the parties themselves. That is this case. The facts warranted the declaration.

As to the fourth assignment of error in refusing the declarations of law asked by the appellant, it is to be remembered that the case was tried by the court without a jury, and the same nicety in declarations of law is not required as in instructions to a jury. All the office of declarations of law by the court, a jury being waived, is to inform the appellate court as to the theory of law upon which the case was tried and thus to determine whether that theory was correct. We think that the declarations of law which the court gave at the instance of each party show that he thoroughly understood and passed upon the theory contended for by each and made no error in his application of the law to the facts.

The fifth assignment of error in declarations given by the court at its own motion, must be eliminated from consideration as the abstract of the record furnished by the appellant fails to show any declarations of law given by the court at its own motion.

The most strenuous contention as to the error in refusing declarations rests on the refusal of the court to give the declaration numbered 16, asked by defendant, which was to the effect that if the court found

from the evidence that Zahm was suspended by the defendant for non-payment of dues in April, 1906, and thereafter signed a health certificate and application for reinstatement in the association, in which he agreed that in case of his reinstatement, benefits under the aforesaid certificate should accrue solely on the same terms and conditions as though a new application for membership had been made and a new certificate issued, and that thereafter he was reinstated in May, 1906, and thereafter his certificate remained in force until the date of his death; that Zahm consented to his suspension and the amount of plaintiff's recovery on the certificate in suit is limited to one hundred dollars. The viciousness of this declaration of law as asked was an entire omission of the very vital point in controversy, namely, whether Zahm had signed this application for reinstatement in ignorance of the fact that he was not in default. If he so signed it and sent it on, and that was a matter in dispute and of controversy, then the mere fact of his sending it on and accepting reinstatement, did not estop him. If it was an act procured from Zahm in ignorance of the very vital fact that it was an absolutely and entirely unnecessary act on his part, to have given it as asked would have been error. [Francis v. Supreme Lodge A. O. U. W., 150 Mo. App. 347, 130 S. W. 500.] In this latter case it is distinctly held by our court that applying for reinstatement was not a waiver of the right to insist that the insurance was in force and had never been forfeited.

The sixth assignment of error, that the court admitted "irrelevant" testimony on the part of respondent, is entirely unavailable in an action where the trial is before the court. Furthermore, it is too general an assignment to enable us to determine at what particular error it is aimed. Examining the argument of counsel on this proposition, it seems to be

aimed mainly at the admission of parts of the deposition of a witness. When the deposition was offered, various objections were made to matters in it, and counsel for defendant moved to strike out parts which it was claimed showed that the answers were founded on hearsay. In ruling on these objections and motions, and referring to the whole deposition, the court said: ''I don't regard it as being of any value myself. The defendant took the testimony and it is there for what it is worth.''

The seventh assignment is that the court erred in overruling appellant's demurrer to the reply. The reply was first, a general denial and then matter in avoidance of the claimed forfeiture. The demurrer was that the reply ''states no facts constituting a defense to the new matter in defendant's answer.'' As that reply, among other new matter, set up a distinct allegation that Zahm was never in default in payment of his dues nor in other than good standing in the order, and set up matters of estoppel, it is difficult to see how a general demurrer could have been sustained to it.

Turning to the first assignment of error, that the verdict and judgment are against the evidence, against the weight of the evidence and against the law under the evidence, the facts connected with the whole transaction were before the court, and the determination of the weight of the evidence and the credibility of the witnesses and the effect to be given to the evidence on the facts, was exclusively for the trial judge, with which we cannot interfere. As we have stated, the declarations of law given by the court satisfies us that he applied correct principles of law in the determination of the case on the theory upon which counsel tried it, and we cannot sustain this assignment. The learned counsel for the appellant in their argument submitted, very strenuously contend that there is a conflict between the instructions given by the court and those re-

quested and given at the instance of the defendant. This point is made in the argument. The learned counsel for appellant has, however, specifically assigned errors. We have set out his assignments. It will be noticed that no point covering conflict between the instructions is included in the assignments, unless a general assignment of error may be said to do this. It is the duty of counsel in assigning error, to point out specifically the error complained of, and errors not so pointed out will not be noticed. [Honeycutt v. St. Louis, I. M. & S. Ry. Co., 40 Mo. App. 674.] The judgment of the circuit court is apparently for the right party and is warranted by the facts in evidence.

Learned counsel for respondent ask an assessment of ten per cent damages as for a vexatious appeal. We decline to award them, as notwithstanding the fact that we are obliged to overrule all the contentions that counsel make for a reversal, it is very apparent that the contentions are made in absolute good faith and backed up by a very elaborate array of authorities, the only trouble with which is that we do not think they are applicable to or cover the points suggested. That does not go to the good faith of the appeal. We have endeavored to determine the appeal on the theory upon which the case was tried in the circuit court and accepted by that court. We are not to be understood as deciding that the construction placed upon the certificate by all parties is correct. While these parties are concluded by it in this case, we express no opinion whatever as to whether that construction is correct.

The judgment of the circuit court is affirmed. *Nortoni, J.,* and *Caulfield, J.,* concur.