THE UNIVERSITY BANK, RESPONDENT, v. MERCEDES MAJOR, APPELLANT.
—83 S. W. (2d) 924.

Kansas City Court of Appeals. June 3, 1935.

964

*L. L. Watts* for respondent.

*George Horn* for appellant.

REYNOLDS, C.—The defendant appeals from a judgment for $1189.42 debt and $1 attorney's fees rendered in the Circuit Court of Jackson County against her as guarantor upon a promissory note executed to plaintiff, a banking corporation.

The petition alleged the execution of the note originally by one Lou Major on or about July 21, 1931, by which he promised to pay the plaintiff bank or order, ninety days after date thereof, the sum of $1,000 with interest from maturity at the rate of seven per cent per annum. It alleged further that, thereafter, to-wit, October 16, 1931, prior to the maturity of said note, the defendant, in consideration of plaintiff's extending the time for the payment of said note from October 19, 1931, to January 18, 1932, paid the interest on said note in advance from October 19, 1931, to January 18, 1932, and, by her signature on the face of said note, under the name of the said Lou Major, guaranteed the payment of said note at its maturity as extended; that, on October 16, 1931, plaintiff extended the time for the payment of said note from said date to January 18, 1932; that said note has long since matured and that no part thereof has been paid, either by the maker or by his estate or by the guarantor, and that the whole amount, principal and interest, is now due and unpaid. The prayer of the petition is for judgment against the defendant for the principal sum with interest thereon at the rate of seven per cent per annum from January 18, 1932, and for an attorney's fee of $500.

The third amended answer of defendant, upon which the cause was tried, denied generally the allegations of the petition and set up

the further defense of fraud in the procurement of defendant's signature and of lack of consideration for the original note and of lack of consideration for her act in guaranteeing the same. It presented the further defense of payment and set up the death of the said Lou Major on October 6, 1931.

The reply was a general denial.

Upon the trial, there was evidence upon plaintiff's part tending to support the allegations of its petition and to show the execution by the deceased Lou Major of the note sued upon, as the original maker, and also the execution of a chattel mortgage securing the payment of the same along with certain other notes owing by him to the plaintiff. There was likewise evidence of the execution of said note by defendant as guarantor. There was evidence tending to show that the said Lou Major died on October 6, 1931; that, on October 16, 1931, the defendant signed her name upon the face of the note, under that of her deceased husband; that, at such time, she paid to the plaintiff the sum of $17.50, as the interest on said note to January 18, 1932; and that, at the time of such payment, it was credited upon said note and the time of the payment thereof was thereupon extended by the plaintiff from October 19, 1931, to January 18, 1932, the date to which the interest was paid, and entries were accordingly made upon said note. The note, with the signature of the deceased Lou Major and the defendant and with the entries thereon, was introduced in evidence. Plaintiff also introduced in evidence certain parts of defendant's second amended answer, tending to show an admission by defendant of the payment by her of $17.50 to plaintiff on said note, and also certain parts of a deposition given by defendant in the cause, tending to show an admission on her part that the purpose for which said payment was made was to pay the interest on the note to January 18, 1932, and further tending to show her understanding that the payment of the note was by the plaintiff being extended to January 18, 1932, at the time she made such interest payment and at the time she placed her signature on said note, in consideration of the payment of such interest and the placing of her name upon such note as guarantor. It was admitted by defendant's counsel that the signature "Mercedes Major" upon the face of said note, under the signature of Lou Major, her husband, was the signature of defendant and was placed thereon by her on October 16, 1931; and it was further admitted by her counsel that, at that time, she gave the plaintiff a check for $17.50. Plaintiff's testimony tended to show that the check for $17.50 was in payment of the interest for ninety days in advance or to the date to which the payment of the note was being extended. The evidence further tended to show that plaintiff, on October 16, 1931, extended the time of the payment of the note from its then due date to Jan-

uary 18, 1932, and thereafter forbore the collection thereof or any attempt thereat, until after January 18, 1932. There is no substantial evidence in the record tending to support any of the allegations of defendant's answer or any of the defenses set up therein.

In the submission of the cause to the jury, the court, by instruction, directed a verdict in favor of the plaintiff for the amount of the note and for a reasonable attorney's fee. A verdict was returned by the jury in accordance with the instruction of the court, upon which judgment was in due time by the court rendered for plaintiff. Thereafter, motions for judgment on the pleadings—notwithstanding the verdict—, for new trial, and in arrest of judgment were filed by defendant and overruled.

Upon the trial and before the introduction of any evidence, the defendant made objection to the introduction of any testimony for the reason that the petition did not state facts sufficient to constitute a cause of action, in that it did not allege a sufficient consideration for the guaranteeing by defendant of the payment of the note or allege that the defendant was the guarantor of said note and its payment.

The first assignment of error and point made thereon by defendant in her brief is with respect to the overruling of such objection by the court. An objection of this kind, where made after the cause is taken up for trial and without the petition's having been attacked by demurrer or otherwise, is not looked upon with favor by the courts. It fails to serve any useful purpose. In Grindstaff v. J. Goldberg & Sons Structural Steel Co., 328 Mo. 72, 40 S. W. (2d) 702, the Supreme Court denounced it as a procedural archaism that might well be consigned to "the limbo of forgotten things." A petition is always to be held good against such objection so made in such manner if it appears by implication, from a reasonable consideration of the allegations of the petition made, that the omitted matters complained of, if any, were intended to be made by the pleader. [Thompson v. Lyons, 281 Mo. 430, 220 S. W. 942; Conrad v. Allis-Chalmers Mfg. Co. (Mo. App.), 73 S. W. (2d) 438.]

The petition in this case first alleged the execution by Lou Major on July 21, 1931, of the note sued upon and then proceeded upon the theory and alleged, "That thereafter, to-wit, October 16, 1931, prior to the maturity of said note, the defendant, in consideration of the plaintiff extending the time for payment of said note from October 19, 1931, to January 18, 1932, paid the interest on said note in advance from October 19, 1931, to January 18, 1932, and, by her signature on the face of said note, under the name of the said Lou Major, guaranteed the payment of said note at its maturity, as extended; that on October 16, 1931, plaintiff extended the time for payment of said note from October 19, 1931, to January 18, 1932."

Such allegations are sufficient not only to meet the objections of defendant but are sufficient in all respects to state a cause of action against the defendant upon the theory that she, upon a sufficient consideration, agreed to guarantee the payment of the note. An extension for some definite period ,beyond its due date of the time for the payment of an obligation is a sufficient consideration to support a contract with a third party for the payment of such obligation.

In Babel v. Ransdell (Mo. App.), 294 S. W. 734, it is said:

"It is well established that one who signs a promissory note . . . after it has been executed, and after the consideration has passed between the original parties thereto, incurs no liability on the note, unless there is a new consideration. [McMahan v. Geiger, 73 Mo. 145, 39 Am. Rep. 489; County of Montgomery v. Auchley, 92 Mo. 126, 4 S. W. 425; Williams v. Williams, 67 Mo. 661; Eitel v. Farr, 178 Mo. App. 367, 165 S. W. 1191; 8 C. J. 211, 213.]

"Respecting the question of whether there was a new consideration for appellant's signature, we are mindful that it is not necessary that the consideration for a promissory note pass directly to the maker, but it suffices if it has passed to a third party. [Rudolph Wurlitzer Co. v. Rossmann, 196 Mo. App. 78, 190 S. W. 636; Adams v. Huggins, 78 Mo. App. 219.]

"There is no pretense that appellant received any part of the sum of money evidenced by the note in question. However, there was substantial evidence that she signed the same for the purpose of obtaining an extension of time in which her nephew, Raines, might pay. Such an agreement to forbear, either absolutely or for a reasonable time, to institute proceedings to enforce a demand, is a sufficient consideration to support an obligation of a third party. [Glasscock v. Glasscock, 66 Mo. 627, 630; Gate City Nat. Bank v. Elliott (Mo.), 181 S. W. 25; Smith v. Richardson, 77 Mo. App. 422; Mandle v. Horspool, 198 Mo. App. 649, 201 S. W. 638; Powers v. Woolfolk, 132 Mo. App. 354, 111 S. W. 1187; 13 C. J. 345.] It follows, therefore, that there was a valid consideration for appellant's signature on the note in suit."

By writing her name on the face of the note after its execution and delivery by Lou Major, her deceased husband, under the circumstances in the record, the defendant became the guarantor of its payment. [State ex rel. Shipman v. Allen, 124 Mo. App. 465.]

It was not necessary that any words should be added to express the liability assumed or that any agreement to become liable as guarantor should, in express words, be stated. Such agreement is implied from the mere signature where it is added after the delivery of the note, although, if made at the inception of the instrument, the maker thereof might be regarded as comaker only. [8 C. J., pars. 107, 109, p. 71.]

In 8 C. J., pars. 107, 109, p. 71, it is said:

"(Par. 107)—In General. A guaranty of a bill or note may be written on the face or back of the instrument or it may be contained in a separate instrument. It may be express or implied. It may be the promise of a comaker, an indorser before delivery, a person signing after delivery, either on the face or on the back, or that of the payee or the indorsee on transferring the instrument. The fact that the contract of a guarantor is indorsed on a bill or note, instead of being on a separate instrument, does not in any way change the character of his obligation.

"A guaranty differs from the ordinary contract of a surety, and also differs from a mere indorsement after delivery to transfer title. An indorser is a kind of guarantor, but a guarantor of a bill or note is not necessarily a party to the note as indorser.

"Consideration. The guaranty must be based on a sufficient consideration."

"(Par. 109) 3. When Implied. In many cases a contract of guaranty is implied from the mere signature without any words added to express the liability assumed. Thus one who adds his name to a note after its delivery as an additional maker is generally held a guarantor, although if he signs at the inception of the instrument he can be regarded only as a comaker. In some states, at one time, a stranger who indorsed a note before delivery was held a guarantor."

In Lent v. Padelford, 10 Mass. 229, where a petition in practically the same form as the one here under consideration was attacked, the court, at page 236 thereof, said:

"There are two grounds of the motion in arrest of judgment. The first is, that no sufficient consideration for the defendant's promise is set forth in the declaration. The declaration states that, in consideration that the plaintiffs would delay the service of their execution, the defendant promised; and then it is averred that the plaintiffs did delay service accordingly. This appears to us sufficient. It is the usual mode of declaring in such case in the books of entries.

"This manner of stating the consideration and the contract is not confined to cases of forebearance."

Again, in Breed v. Hillhouse, 7 Conn. 522, where a petition in an action on a guaranty involving a forebearance was under review, the court said, at page 527 thereof:

"Although an agreement to forebear is not specifically averred otherwise than by the allegation that the plaintiff accepted the guaranty and actually forebore, yet under this declaration such agreement is provable. This mode of declaring is sanctioned by Wentworth, Chitty and almost all the approved writers on plead-

ing (2 Chitt. Plead. 83) ; and an averment of an agreement to forebear, has ever been considered as necessarily implied from the above allegations.''

Glasscock v. Glasscock, 66 Mo. 627, is to the same effect.

The assignment is overruled.

The second error assigned is that the court erred in admitting evidence offered by the plaintiff regarding proof of the extension of the note. In what particular the court erred in such matter is not charged. Neither is any reason assigned as to why the mere admission of such evidence is erroneous. The petition alleged that the time for the payment of the note had been extended. It was therefore an issue in the case. The plaintiff was required to prove the allegation. Assignments of error are required to specify the particulars in which the action of the court is erroneous in order to present a complaint for review. Neither the assignment of error as made nor the point based thereon as made is sufficient to present any question for review. [Kiger v. Sanko (Mo. App.), 1 S. W. (2d) 218; Martin v. Continental Ins. Co., 256 S. W. 120; Williams v. American Exchange Bank (Mo. App.), 280 S. W. 720; Johnston v. Ragan, 265 Mo. 420, 178 S. W. 159; Zahm v. Royal Fraternal Union of St. Louis, 154 Mo. App. 70, 133 S. W. 374; City Trust Co. v. Cunningham (Mo. App.), 7 S. W. (2d) 456.]

The third error assigned is likewise insufficient to present any matter for review. It merely assigns error in the rejection of evidence offered by the plaintiff. It neither particularizes the evidence rejected, of which complaint is made, nor indicates the page of the record where it may be found. Such mere general assignment is wholly insufficient. [Authorities last cited above.] The point made by defendant on such assignment must, for the same reason, be also rejected.

The fourth assignment of error with the point made thereon in the same language is that the court erred in refusing to give instruction offered by the defendant. What instruction is not stated; where it is to be found in the record is not stated; the general character thereof is not stated; why its mere refusal is erroneous is not shown. Both the assignment of error and the point made are too indefinite to present any matter for review. [Thorpe v. Missouri Pacific Railroad, 89 Mo. 650, 2 S. W. 3; Hamilton v. Crowe, 175 Mo. 634, 75 S. W. 389; Hume v. Hale, 146 Mo. App. 659, 125 S. W. 871.]

The fifth and final assignment of error made is that the court erred in giving an instruction for plaintiff for a directed verdict.

The suit was upon a written contract. There was substantial evidence showing its execution and fully supporting plaintiff's petition and each and every allegation thereof and implications therefrom, completely establishing plaintiff's cause of action. The case made

by plaintiff was not contradicted by any competent, material, and substantial evidence upon defendant's part in the record. Defendant admitted that she signed the note, that she was advised that there was $17.50 to be paid on the note, and that she paid such sum. Her counsel likewise made the same admissions. The most that defendant's testimony amounts to is that, at the time she placed her signature on the note and gave her check for $17.50, nothing was said to her about interest or about paying the note, which is wholly insufficient to meet the case made by the plaintiff or the implications of the written contract shown.

There was no error under the record in the giving of the instruction complained of.

The judgment of the trial court should be and is affirmed. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of REYNOLDS, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.