RENA COOPER, APPELLANT, v. KANSAS CITY PUBLIC SERVICE CO., RESPONDENT.—116 S. W. (2d) 212.

Kansas City Court of Appeals. April 4, 1938.

*Cope & Hadsell* and *Roy W. Rucker* for appellant.

*Charles L. Carr, E. E. Ball* and *Harding, Murphy & Tucker* for respondent.

REYNOLDS, J.—This is an action for personal injuries received by the plaintiff while riding as a passenger in a motorbus being operated by the defendant in an easterly direction on Twenty-seventh Street and across Holmes Street, in Kansas City, Missouri, resulting from an automobile being driven south on Holmes Street colliding with such bus at or about the intersection of Twenty-seventh and Holmes Streets, which collision the defendant is alleged to have carelessly and negligently permitted.

The petition charges that the defendant as a corporation is engaged, and at the time of the injury complained of by the plaintiff was engaged, in the business of a common carrier of passengers for hire and that on or about February 23, 1936, the plaintiff boarded one of the defendant's eastbound motorbuses, paid her fare, and became a passenger thereon and that, while said bus was traveling in a easterly direction on Twenty-seventh Street, a public street in Kansas City, Missouri, at or near the intersection of Twenty-seventh Street, another public street of said city, the defendant negligently caused or permitted such motorbus to come into violent contact and collision with a southbound automobile on Holmes Street and thereafter to run upon and over the curbing and on to a sidewalk at the southeast corner of the intersection of said street and that, as a direct and proximate result of such, the plaintiff received permanent and progressive personal injuries. The petition enumerated in detail the injuries resulting to the plaintiff from such collision. The prayer of the petition was for judgment for $7500.

The answer was a general denial.

The trial was before the court and a jury, and the cause was submitted for the plaintiff solely under the humanitarian rule. A verdict and judgment resulted for the defendant, from which, after an

unsuccessful motion for a new trial, the plaintiff prosecutes this appeal.

There is but one assignment of error presented and that alleges error in the giving of instruction No. 6 for the defendant, which instruction is as follows: "The Court instructs the jury that if you find and believe from the evidence in this case that such injuries, if any, as plaintiff received at the time and place complained of in this action and as shown by the evidence, if so, were the result of the sole negligence, if any, of the driver of the southbound automobile that collided with said bus in question, if so, and if you further find that said sole negligence, if any, consisted of the speed and manner in which he caused said automobile to be operated into said intersection in question (namely 27th & Holmes Street, in Kansas City, Mo.) as shown by the evidence, if so, and by the failure, if any, of said driver of said southbound automobile to stop at the Arterial stop sign, if any, before entering into 27th Street, if so, as shown by the evidence, if so, and if you further find that a highly careful and prudent automobile driver under the same or similar circumstances, as surrounded the driver of said automobile that collided with said bus in question, would not have driven his automobile into the intersection of 27th and Holmes, at said time and place referred to in evidence without first stopping at or near said arterial stop sign and before entering 27th Street, if so, and would not have driven his car into said intersection in the manner and at the speed in which said driver drove said automobile into said intersection in question, as shown by the evidence, if so, and if you further find that the bus driver in question operated said bus into and across said intersection in such manner as a highly careful and prudent bus operator would have operated the same under the same or similar circumstances, if so, and without any negligence on his part, if so, then in such event plaintiff is not entitled to recover herein and your verdict should be for the defendant and against the plaintiff."

The assignment is as follows: "The court erred in giving defendant's instruction No. 6."

The assignment is faulty and, standing alone, presents nothing for review. [University Bank v. Majors, 229 Mo. App. 963, 83 S. W. (2d) 924; Scott v. Missouri Pacific R. Co., 333 Mo. 374, 62 S. W. (2d) 834; State v. Kelly (Mo.), 107 S. W. (2d) 19.]

However, the assignment appears renewed under the heading, "Points and Authorities," immediately following in the plaintiff's brief, where the grounds upon which the plaintiff predicates her complaints of alleged error in the giving of such instruction are fully set out in a manner sufficient to present such alleged error for our review.

The grounds set out and relied upon are as follows:

"(1) Said instruction was confusing and misleading to the jury.

"(2) The instruction under the guise of sole negligence improperly authorized the jury to find for defendant because of alleged antecedent and primary negligence of the driver of the automobile.

"(3) The instruction proceeded on the erroneous theory that the contributory negligence of the driver of the automobile could defeat the plaintiff's right to recover.

"(4) The instruction was broader than the issues in that the only issue presented to the jury by plaintiff's instruction was whether or not after the bus had entered a position of peril of being struck by the southbound automobile, the driver of the bus exercised the highest degree of care in preventing the collision, and defendant should not have been permitted, as it was, to broaden the issues."

After having considered the same, we are not of the opinion that the instruction is subject to any of the criticisms made or that any of the grounds advanced, upon which alleged error is based, or any of the reasons assigned in support thereof are well made.

We are not of the opinion that the instruction is erroneous by reason of any of the grounds or reasons advanced by the plaintiff.

That it is allowable for the defendant in a case under the humanitarian rule not only to disprove one or more of the basic facts upon which that rule rests but also to make the further defense that the sole cause of the plaintiff's injury was the negligence of the plaintiff or of some third person and that such injury was not the result of or caused by any act, omission, or fault upon his part is well settled. He is not restricted to merely disproving one or more of the facts upon which the rule under which he is charged rests; and, where an issue is made as to whether the plaintiff's negligence or that of some third person was the sole cause, he is entitled to have such issue submitted to the jury through an appropriate instruction. [Borgstede v. Waldbauer, 337 Mo. 1205, 88 S. W. (2d) 373; Doherty v. St. Louis Butter Co., 339 Mo. 996, 98 S. W. (2d) 742; Thomas v. Stott, Kansas City Court of Appeals, not yet reported.]

In a case submitted under the humanitarian rule, the contributory negligence of the plaintiff or of a third person is not involved. Neither the contributory negligence of a third person nor of the plaintiff defeats recovery, but the negligence of either as the sole cause of the injury does.

In Doherty v. St. Louis Butter Co., *supra*, it is said, 1. c. 746 of 98 S. W. (2d): "'Contributory negligence passes out of the case when it is submitted solely under the humanitarian doctrine. . . . However, the question of whether the negligence of the injured party, where it is made an issue in the case, was the sole cause of the injury remains in the case.'" [Borgstede v. Waldbauer, *supra*.]

It is held in both of the last-mentioned cases that the defendant has the right to submit by appropriate instructions setting forth

the facts relied upon, where such was made an issue upon the trial, that the negligence of the plaintiff or that of some third party was the sole cause of the plaintiff's injury and that such injury was not caused by any act or omission upon its part or by reason of any fault upon its part. It was held, however, that such instructions should be specific and not leave room for the jury to consider contributory negligence as a defense.

The instruction in this case was plain and specific and left no room for the jury to consider contributory negligence as a defense. It authorized a verdict for the defendant only if the jury found that the injuries received by the plaintiff were the result of the sole negligence of the driver of the southbound automobile on Holmes Street, which collided with the defendant's bus upon which the plaintiff was a passenger, and that said sole negligence consisted of the speed and the manner in which the driver caused said automobile to be operated into the intersection of Twenty-seventh and Holmes Streets and of the failure of said driver to stop at the arterial stop sign before entering Twenty-seventh Street and that a highly careful and prudent automobile driver under the same or similar circumstances as surrounded the driver of said automobile would not have driven his automobile into or upon said intersection without first stopping at or near the said arterial stop sign and would not have driven his car in such manner that the speed of the driver of the said automobile drove said automobile into or upon said intersection. It also required the jury to find that the driver of the defendant's bus upon which the plaintiff was a passenger was operating the same into and across said intersection in such manner as a highly careful and prudent operator would have operated the same under the same or similar circumstances, without any negligence on his part.

The instruction in the instant case follows the instruction in the Doherty case, *supra*. The instruction in the Doherty case was held to be proper. If the instruction in the Doherty case was proper, as held, then the instruction in the instant case must be held to be proper. We are controlled by that case and others in harmony with it. In that case, the court distinguished between the instruction in Millhouser v. Kansas City Public Service Company, 331 Mo. 933, 55 S. W. (2d) 673, and the criticism thereof by the court, relied upon by the plaintiff in this case, observing that the instruction in that case was general in character and failed to set forth the facts relied upon for a verdict and that such case was not parallel with the case then being considered by it. What was said in that case distinguishing the Millhouser case and the instruction therein applies equally to the instant case and the instruction complained of herein. The instruction in this case sets forth the facts relied upon by the defendant for a verdict and is specific rather than general in character and, in such particulars, is to be distinguished from the instruction in the

Millhouser case. Moreover, the doctrine asserted in the Millhouser case to the effect that the only defense in a case properly submitted under the humanitarian rule is to disprove one or more of the basic facts on which the rule rests was criticized and was not followed in the Doherty case.

In the Doherty case, it is said, in a discussion of the statement made in the Millhouser case that ''The only defense in a case properly submitted on the humanitarian rule is to disprove one or more of the basic facts on which that rule rests,'' (98 S. W. (2d) 746), that such statement ''is a rather broad statement'' and that ''Certainly, if the acts and conduct of a plaintiff were the sole cause of his injuries and the defendant was not negligent, then a verdict for the defendant is authorized. Should a defendant, under the humanitarian rule, be restricted to disprove one or more of the facts upon which that rule rests? Or may he affirmatively show a state of facts which, if true, would place the entire blame for the injury upon the plaintiff, and by an appropriate instruction submit that question to the jury? We think the latter rule correct; otherwise the lawsuit would be similar to compelling a man to enter a boxing contest and by the rules restrict him to dodging the other fellow's blows.''

Instruction 6 for the defendant, complained of in this instant case, merely presented for consideration of the jury the facts relied upon for its defense. If the facts were as presented by the defendant, the plaintiff was not entitled to recover under the humanitarian doctrine.

In the recent case of Borgstede v. Waldbauer, *supra*, 88 S. W. (2d), 378, it is said: ''Contributory negligence passes out of the case when it is submitted solely under the humanitarian doctrine. . . . However, the question of whether the negligence of the injured party, where it is made an issue in the case, was the sole cause of the injury remains in the case.'' This was quoted approvingly in the Doherty case, as hereinbefore noted.

It thus appears from the Borgstede and the Doherty cases that the doctrine of the Millhouser case of the effect that the only defense in a case properly submitted under the humanitarian rule is to disprove one or more of the specific facts on which that rule rests is no longer the law in Missouri but that the defendant now has the right to make the defense that the plaintiff's act or that of some third person was the sole cause of the plaintiff's injuries and the right to submit a sole cause instruction where there is evidence upon which to base it.

The defendant argues further that the Supreme Court in the Borgstede case did not hold, and that it has not in any subsequent case held, that the antecedent or contributory negligence of the plaintiff precludes a right of recovery under the humanitarian doctrine and

contends that, if it be true that the plaintiff's antecedent or contributory negligence does not defeat recovery, then, by the same rule of reasoning, the antecedent or contributory negligence of a third person cannot bar the plaintiff's recovery under the humanitarian rule.

The plaintiff, in such contention, overlooks the fact that there is no question of contributory negligence under the humanitarian rule and overlooks the further fact that, where the plaintiff's injuries are not occasioned by and are not the result of any act, omission, or fault on the part of the defendant but are occasioned by the sole act of the plaintiff or a third person, then the defendant cannot in any event be held liable.

There is substantial evidence introduced by the defendant in this case to the effect that the acts of the driver of the southbound automobile in the particulars set out in the instruction were the sole cause of the plaintiff's injuries and that the plaintiff was not injured as a result of any act or omission or fault upon the defendant's part, which were relied upon by the defendant as a defense. It had a right to submit such issue to the jury, based upon the facts relied upon; and such were properly submitted by the instruction complained of in this case. Contributory negligence was not only not an issue, but it was excluded by the instruction from the consideration of the jury by the specific limitation therein to a consideration by the jury of sole negligence only. Under such instruction, the jury could not have been misled and have taken into consideration contributory negligence.

The jury found that the sole cause of the plaintiff's injuries was the negligence of the driver of the automobile, based upon his acts and conduct submitted, and that her injuries were not the result of any negligent act or omission of the defendant and that they were not the result of or occasioned by any fault on the defendant's part. Its verdict was not based upon contributory negligence, but upon sole negligence and sole cause alone. The instruction was proper.

The judgment of the trial court should be and is affirmed. *Bland, J.*, concurs; *Shain, P. J.*, dissents.